STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel: (415) 378-6142
Fax: (650) 276-2388

Attorney for Plaintiff
DON BORG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

DON BORG,

    Plaintiff,

vs.

PRINCIPAL LIFE INSURANCE COMPANY, TARGET CORPORATION, and DOES 1 through 20, inclusive,

    Defendants.

No. C07 03149 HRL

COMPLAINT FOR DAMAGES
(ERISA)

**FIRST CAUSE OF ACTION: VIOLATION OF ERISA**
**TITLE 29 US CODE, CHAPTER 18, ET SEQ.**

1. Plaintiff, Don Borg, is a citizen of the U.S. who at all times herein mentioned resides in San Mateo County, California. He is a handicapped individual protected by ERISA.

2. Defendants, PRINCIPAL INSURANCE CO., and TARGET CORPORATION. are all business entities operating in this county and state and are subject to suit under the ERISA.

3. Defendant TARGET employed plaintiff on September 25, 2000 and transferred him

1  as Store Team Leader, i.e., manager, to the Mountain View, California store on June 1, 2001.

2      4.    The aforementioned defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

5      5.    VENUE: The unlawful practice complained of herein occurred in this district.

6      6.    JURISDICTION is based on Employee Retirement Security Income Act, ("ERISA"), 29 U.S.C. §1001, et seq., and 28 U.S.C. §1331.

8      7.    Plaintiff became disabled on February 6, 2003, and became eligible to receive long term disability benefits under his policy with defendants.

10     8.    On or about the following dates in 2006, including September 7, 2006 and September 10, 2006, plaintiff filed four specific claims for long term disability benefits (LTD), and the medical status of his situation was such that the medical records and evidence of disability had changed and was substantially different, and more ominous medically, than the medical records had been when defendant rejected plaintiff's original ERISA claim. Because plaintiff filed his Long-Term Disability claims 4 times in 2006 based on four different sets of medical situations, body parts and records, defendant violated his ERISA rights by not granting him the dispensation of LTD. Defendants' interminable cunctation, coupled with a cynical and rote form of "automatic LTD denials," violated plaintiff's rights under ERISA. During the interregnum between plaintiff's four separate claims and his prior claim, plaintiff suffered additional injuries and complications which were not and could not have been known to defendants when they rejected his original claim. They did not have the medical evidence and did not seek it, blithely and mindlessly rejecting his claims *ipso facto*. Plaintiff demonstrated, and the medical records proved, that he was totally and permanently disabled and unable to perform duties of a Target store manager ("team leader") because said job required arduous physical stamina and effort, which plaintiff's orthopedic injuries to shoulder, back etc. Rendered impossible. The defendants refused to grant plaintiff LTD status. These actions by defendants and each of them violated the ERISA.

28     9.    As a proximate result of defendants' conduct as explained above, plaintiff has been

Complaint for Damages
Borg v. Principal Life, et al.        2

1  damaged financially and emotionally, has suffered pain, has lost income and other benefits,
2  health insurance, life insurance, pension plan, has suffered depression, and has incurred great
3  expenses, and other health, employment and career benefits, as well as lost potential income
4  earning ability, all to his detriment in a sum according to proof.

5    10.    The foregoing conduct of defendants, and each of them, was at all material times
6  malicious and intentional, and entitles plaintiff to an award of punitive damages. Also plaintiff
7  requests an award of attorney fees under the federal ERISA laws.

8  WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### *SECOND CAUSE OF ACTION: MISREPRESENTATION (FRAUD)*

10    11.    Paragraphs 1 through 10 inclusive are reiterated here and incorporated by reference.

11    12.    In or about December 20, 2006, plaintiff was induced by defendants' fraud to enter
12  into a settlement agreement with defendants as to a prior LTD claim. The plaintiff was
13  fraudulently induced because, *inter alia,* defendants concealed several actions of the procedure
14  used in their analysis and appeal process in rejecting his LTD claim. Plaintiff was also defrauded
15  into signing the agreement because defendants' counsel and agents told him numerous points vis
16  a vis defendants' policies toward claims.

17    13.    Plaintiff relied on defendants' misrepresentations to his detriment. He settled for less
18  than he should have gotten.

19    14.    Plaintiff is entitled to bring this action notwithstanding the prior settlement
20  agreement, because the latter was induced by fraud.

21    15.    As a proximate result of defendants' conduct as explained above, plaintiff has been
22  damaged financially and emotionally, has suffered pain, has lost income and other benefits,
23  health insurance, life insurance, pension plan, has suffered depression, and has incurred great
24  expenses, and other health, employment and career benefits, as well as lost potential income
25  earning ability, all to his detriment in a sum according to proof.

26    16.    The foregoing conduct of defendants, and each of them, was at all material times
27  malicious and intentional, and entitles plaintiff to an award of punitive damages. Also plaintiff
28  requests an award of attorney fees under the federal ERISA laws.

Complaint for Damages
Borg v. Principal Life, et al.                  3