UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DON BORG,

        Plaintiff (s),

v.

PRINCIPAL LIFE INSURANCE
COMPANY, ET.AL,

        Defendant(s).

No. C 07-03149 HRL

ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California", the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 6/14/2007 | Complaint filed | |
| 8/28/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 9/11/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 9/18/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

**STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES**

1. In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, <u>as soon as possible</u>.

2. The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3. Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4. A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued <u>only</u> by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5. Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6. Discovery motions may be addressed to the Court in three ways. First, a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Second, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. Finally, in emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters

between counsel as exhibits to discovery motions.

7. Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: August 22, 2002
   Amended February 26, 2007

> HOWARD R. LLOYD
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

STANDING ORDER REGARDING

CASE MANAGEMENT IN CIVIL CASES

    This order sets forth requirements for initial case management in all civil matters assigned to District Judges James Ware, Ronald M. Whyte and Jeremy Fogel, and Magistrate Judges Patricia V. Trumbull, Richard Seeborg, and Howard R. Lloyd. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

    Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

    All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

    Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Ware may be noticed for hearing on any Monday at 9:00 a.m.

    Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

1. Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's judicial secretary, Teresa Fleishman, at 408-535-5426 and obtaining an available date.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Trumbull may be noticed for hearing on any Tuesday at 10:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Seeborg may be noticed for hearing on any Wednesday at 9:30 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for hearing on any Tuesday at 10:00 a.m.

Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be held on _____ at _____, at the United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3.1 through 3.6. A meaningful meet and confer process prior to the Case Management Conference and good faith compliance with the requirements of this Order are essential elements of effective case management. Failure to meet and confer, to be prepared for the Case Management Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case Management Conference.

In all "E-filing" cases when filing papers in connection with any motion for determination by a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

IT IS SO ORDERED.

Dated: Effective on the date this order is filed, until further court order.

_____
James Ware
United States District Judge

_____
Ronald M. Whyte
United States District Judge

_____
Jeremy Fogel
United States District Judge

_____
Patricia V. Trumbull
United States Chief Magistrate Judge

_____
Richard Seeborg
United States Magistrate Judge

_____
Howard R. Lloyd
United States Magistrate Judge

3

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.