ANGELA L. PADILLA (CA SBN 154863)
EVA K. SCHUELLER (CA SBN 237886)
APadilla@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
PRINCIPAL LIFE INSURANCE CO. and
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON BORG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRINCIPAL LIFE INSURANCE CO., TARGET CORPORATION, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.   C-07-03149-HRL<br><br>[Hon. Howard R. Lloyd]<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>Date: October 2, 2007<br><br>Time: 10:00 a.m.<br><br>Location: Courtroom 2 |

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV 07-03149 HRL
sf-2373773

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION ....................................................................................................................... 1

INTRODUCTION ................................................................................................................................ 2

STATEMENT OF FACTS .................................................................................................................. 3

      A.    *Borg I* ............................................................................................................. 3

      B.    *Borg II* – the Present Action ........................................................................ 5

LEGAL STANDARD ........................................................................................................................... 5

ARGUMENT ......................................................................................................................................... 6

II.    PLAINTIFF'S FIRST CAUSE OF ACTION WAS RELEASED UNDER THE SETTLEMENT AGREEMENT REACHED IN *BORG I* .......................................... 6

III.    PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ..................................................... 8

      A.    Plaintiff's Fraud Claim is Not Stated With Particularity, as Required Under Fed. R. Civ. P. 9(b) ................................................................. 8

      B.    Plaintiff Can Show No Set of Facts that Would Entitle Him to Relief on His Fraud Allegations .............................................................. 10

CONCLUSION ................................................................................................................................... 13

# TABLE OF AUTHORITIES

## CASES

*Adams v. Johns-Manville Corp.*,
  876 F.2d 702 (9th Cir. 1989) ................................................................................................ 6

*Adams v. Johnson*,
  355 F.3d 1179 (9th Cir. 2004) .............................................................................................. 5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .............................................................................................................. 5

*Ashley v. Corona*,
  1993 WL 181377 (N.D. Cal. May 25, 1993) ...................................................................... 7

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) .............................................................................................. 7

*Borg v. Principal Life Ins. Co. et al.*,
  Case No. CV 05-05295 HRL (N.D. Cal.) ......................................................................... iii

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .............................................................................................................. 5

*Connecticut Printers, Inc. v. Gus Kroesen, Inc.*,
  134 Cal.App.3d 54, 184 Cal.Rptr. 436 (1982) .................................................................... 7

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) ................................................................................................ 7

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ................................................................................................ 6

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,
  416 F.3d 940 (9th Cir. 2005) ................................................................................................ 5

*Orlando*,
  2007 WL 781598 (citing *Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal.4th 979, 990, 22 Cal.Rptr.3d 352, 102 P.3d 268 (2004)) ...................................... 9

*Orlando v. Carolina Cas. Ins. Co.*,
  2007 WL 781598 (E.D. Cal. Mar. 13, 2007) ............................................................... 6, 8, 9

*Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*,
  662 F.2d 641 (9th Cir. 1981) ................................................................................................ 5

*Schiff v. City & County of San Francisco*,
  2007 WL 2023501 (N.D. Cal. July 12, 2007) ................................................................ 9, 10

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ............................................................................................ 7, 8

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 8, 9

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal.App.3d 1324, 231 Cal.Rptr. 355 (1986) .................................................................... 11

*Woolridge v. JFL Elec., Inc.*,
   96 Cal.App.4th S 117 Cal.Rptr.2d 771 (2002) ......................................................................... 7

**STATUTES**

29 C.F.R.
   § 2520.102-3 ............................................................................................................................ 10

Fed. R. Civ. P.
   Rule 9(b) ......................................................................................................................... 1, 8, 9
   Rule 11 ............................................................................................................................. 7, 11
   Rule 12(b)(6) ...................................................................................................................... 2, 4
   Rule 56(c) ................................................................................................................................ 5

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 2, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Howard R. Lloyd, United States Magistrate Court, Northern District of California, San Jose Division, Courtroom 2, 450 Golden Gate Avenue, San Jose, California, Defendants Principal Life Insurance Company and Target Corporation (collectively "Defendants") will, and hereby do, move this Court for an order dismissing the Complaint under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.

This motion is made on the grounds that the Complaint fails to state a claim, that there is no triable issue of fact, and that the parties' settlement of a case previously before this Court, *Borg v. Principal Life Ins. Co. et al.*, Case No. CV 05-05295 HRL (N.D. Cal.), was a valid and enforceable agreement by which Plaintiff released the claims he purports to pursue in the present action.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Geoffrey Graber, the pleadings and papers on file in this action, and such other and further evidence and argument as may be presented at the hearing on the motion.

# INTRODUCTION

In 2005, Plaintiff Donald Borg ("Plaintiff") filed an action in this Court against his former employer, Target Corporation ("Target"), and the third-party administrator of Target's disability plan, Principal Life Insurance Company ("Principal Life"), seeking long-term disability ("LTD") benefits under Target's employee welfare benefit plan. That case was captioned *Borg v. Principal Life Ins. Co. and Target Corp.*, Case No. CV 05-05295 HRL (N.D. Cal.), and will be referred to hereinafter as "*Borg I*." After discovery, and after Principal Life and Target filed a motion for summary judgment, Plaintiff agreed to settle *Borg I*. On December 19, 2006, Plaintiff and his counsel signed the *Borg I* settlement agreement, and in exchange, Target and Principal Life paid Plaintiff an agreed-upon sum.

Now, by Complaint filed June 14, 2007, Plaintiff has reasserted his claim for LTD benefits against Principal Life and Target. Specifically, Plaintiff's first cause of action alleges that Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA") by denying his claim for LTD benefits. In addition, recognizing that he settled his claims for LTD benefits in *Borg I*, Plaintiff has asserted a second cause of action, alleging that he was fraudulently induced to settle *Borg I*. Specifically, Plaintiff alleges that he was "fraudulently induced because, *inter alia*, defendants concealed several actions of the procedure used in their analysis and appeal process in rejecting his LTD claim." (Compl. ¶ 12.) Plaintiff further alleges that he "was also defrauded into signing the agreement because defendants' counsel and agents told him numerous points vis a vis defendants' policies toward claims." (*Id.*)

Plaintiff's Complaint fails to state a claim upon which relief may be granted. As to his first cause of action, Plaintiff himself implicitly acknowledges that the settlement the parties reached in *Borg I* otherwise bars this claim. (*See* Compl. ¶ 14.) Thus, if Plaintiff's second cause of action fails, his first cause of action necessarily fails, as well. As to his second cause of action, Plaintiff has not pleaded fraud with particularity, as required under Fed. R. Civ. P. 9(b). Furthermore, the fraud allegations that Plaintiff does set forth do not support his claim of fraudulent inducement. Indeed, Plaintiff alleges that the purported fraud "led plaintiff throughout his employment with defendants to reasonably believe that if plaintiff became disabled he would

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV 07-03149 HRL
sf-2373773

2

reap LTD benefits." (Compl. ¶ 17.) This allegation has nothing whatsoever to do with Plaintiff's motivations for entering into the settlement agreement. Rather, this allegation is simply a repackaged version of his benefits claim — Plaintiff believes he is disabled, and believes that he is therefore entitled to LTD benefits. That Defendants disagreed with Plaintiff's assertions of disability and denied his LTD claim, however, is not an act of fraud. Accordingly, Plaintiff's Complaint fails to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

### A.    *Borg I*

In December 2005, Plaintiff filed with this Court and served on Principal Life a complaint alleging that Principal Life had violated ERISA by denying Plaintiff's claim for LTD benefits. (*See* Declaration of Geoffrey Graber ¶ 3; *see also Borg v. Principal Life Ins. Co. et al.*, Case No. C 05-05295 (N.D. Cal.).) Plaintiff later amended his complaint in *Borg I* to include Target as a defendant. (Graber Decl. ¶ 3.) The parties in *Borg I* conducted discovery, during the course of which Defendants produced to Plaintiff the Administrative Record relating to his LTD claim. (*Id.* ¶ 4.)

Following discovery, the parties in *Borg I* participated in a mediation, presided over by Michael E. Dickstein. (*Id.* ¶ 5.) The mediation session itself, which took place on August 18, 2006, did not end in a settlement. (*Id.*) According to Dickstein, one of Plaintiff's sticking points in the mediation was his belief that as of that time (that is, summer 2006), he had additional LTD claims against Target and Principal Life that he sought to assert, and he wanted to know whether Target had continued paying premiums to extend his disability coverage. (*Id.*) Target and Principal responded to this assertion, through Dickstein, by pointing out that under the terms of Target's LTD plan, disability coverage ends at the same time a plan participant's employment at Target ends. (*Id.*) Counsel for Target and Principal even provided Dickstein with a copy of the relevant page of Target's LTD plan, to establish this point. (*Id.*)

Though the August 18, 2006, mediation did not result in a settlement, Dickstein continued to facilitate settlement communications between the parties. (*Id.* ¶ 6.) As the parties were continuing to discuss a potential settlement, Defendants prepared a motion for summary

judgment, which they served and filed on November 14, 2006.  (*Id.* ¶ 6 and Ex. A.)  The Court provided the parties with a hearing date of December 19, 2006.  (*Id.* ¶ 6.)

The very next day, on November 15, 2006, Plaintiff's counsel sent Defendants' counsel an e-mail indicating that Plaintiff wished to settle immediately.  (*Id.* ¶ 7 and Ex. B.)  Two days later, on November 17, 2006, Dickstein reported to counsel for the parties that they had reached a settlement.  (*Id.* ¶ 8.)  As Dickstein indicated in an e-mail to counsel, "you have both accepted the mediator's proposal, on behalf of your clients."  (*Id.* ¶ 8 and Ex. C.)  Defendants' counsel thus prepared a Settlement Agreement and Stipulation for Dismissal, which he sent to Plaintiff's counsel on November 21, 2006.  (*Id.* ¶ 9 and Ex. D.)  Plaintiff's counsel then requested that Defendants immediately withdraw their motion for summary judgment, which Defendants' counsel indicated he would do as soon as Plaintiff's counsel confirmed that Plaintiff agreed with the terms of the proposed Settlement Agreement.  (*Id.* ¶ 10.)  Plaintiff's counsel responded as follows:  "YES, BORG AGREES TO ALL THE TERMS IN THE SETTLEMENT AGREEMENT.  YOU GOT MY WORD FOR THIS.  PLEASE TAKE MSJ OFF CALENDAR." (*Id.* ¶ 10 and Ex. E.)

Despite Plaintiff's counsel's representation that Plaintiff had agreed to all the terms of the Settlement Agreement that Defendants' counsel had prepared, Defendants' counsel learned on December 16, 2006, that Plaintiff was unwilling to sign the Settlement Agreement.  (*Id.* ¶ 11.) Communicating through Dickstein, Plaintiff indicated that he now wanted to carve out of the settlement any subsequent LTD claims he believed he had against Defendants or, in the alternative, secure additional compensation for a full release of these claims.  (*Id.*)  Defendants' counsel responded directly to Plaintiff's counsel by e-mail dated December 16, 2006, and stated that Defendants "will not engage in any further negotiations regarding the terms of the settlement to which Plaintiff has already agreed."  (*Id.* ¶ 12 and Ex. F.)

Plaintiff's counsel responded that same day to Defendants' counsel, indicating that Borg had not refused to sign the Settlement Agreement, but simply had further questions:

> HE JUST WANTED CLARIFICATION ON HIS 4 OTHER
> CLAIMS FROM SEP 06.  ARE THEY OUT TOO WITH THIS
> OR ION [sic]?  IS [sic] YOUR CLIENTS WILLING TO

> EXCLUDE THESE FROM THE AGREEMENT? THIS IS JUST
> A QUESTION, NOT AN ATTEMOPT [sic] TO GET OUT OF
> THE K.

(*Id.* ¶ 13 and Ex. G.) Defendants' counsel reiterated that neither Target nor Principal Life were willing to carve these claims out of the Settlement Agreement, nor were they willing to pay additional consideration for these claims. (*Id.* ¶ 14.)

On December 19, 2006, Plaintiff signed the Settlement Agreement. (*Id.* ¶ 15 and Ex. I.) The Court then signed off on the parties' Stipulation of Dismissal on December 27, 2006. (*Id.* ¶ 16 and Ex. J.)

### B.    *Borg II* – the Present Action

Less than six months after *Borg I* was dismissed, Plaintiff filed the present action (referred to for simplicity as "*Borg II*"). In his first cause of action in *Borg II*, Plaintiff again asserts that Principal Life and Target violated ERISA by denying his claim for LTD benefits. (Compl. ¶¶ 1-10.) According to his first cause of action, Plaintiff filed four new LTD claims in September 2006, which Defendants (according to him) improperly denied. (*Id.* ¶ 8.)

These purported September 2006 claims are the same claims that Plaintiff sought, unsuccessfully, to carve out of the *Borg I* Settlement Agreement. (*See* Graber Decl. ¶¶ 11-13 and Ex. G.) Recognizing this problem, Plaintiff asserts a second cause of action in *Borg II*, for fraudulent inducement. (Compl. ¶¶ 11-17.) Plaintiff alleges that "[i]n or about December 20, 2006, plaintiff was induced by defendants' fraud to enter into a settlement agreement with defendants as to a prior LTD claim." (*Id.* ¶ 12.) Plaintiff further alleges that he was "fraudulently induced because, inter alia, defendants concealed several actions of the procedure used in their analysis and appeal process in rejecting his LTD claim." (*Id.*) In addition, Plaintiff alleges that he "was also defrauded into signing the agreement because defendants' counsel and agents told him numerous points vis a vis defendants' policies toward claims." (*Id.*) According to Plaintiff, this alleged fraud caused him to "settle[] for less than he should have gotten." (*Id.* ¶ 13.)

## LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is warranted "if it appears beyond doubt that the non-movant can prove no set of facts to support its claims."

1  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  "All allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party, but conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Id.* (quotations omitted).  A complaint may be dismissed without leave to amend, if "it is clear that the complaint could not be saved by any amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

To the extent that the Court relies on information outside the Complaint in ruling on Defendants' motion, the motion may be converted into a motion for summary judgment.  *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).  On a motion for summary judgment, the moving party bears the initial burden to show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Where the moving party is the defendant, the moving party may meet its burden by showing that no triable issue of fact exists as to each element of whatever affirmative defenses it has asserted.  To do so, defendant need not disprove plaintiff's claims, but rather must come forward with portions of the file and, where appropriate, declarations that demonstrate the absence of any real issue of fact as to one or more elements essential to support such claims.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).  The burden then shifts to the non-moving party to go beyond pleadings and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**ARGUMENT**

**II. PLAINTIFF'S FIRST CAUSE OF ACTION WAS RELEASED UNDER THE SETTLEMENT AGREEMENT REACHED IN *BORG I***

In *Borg I*, the parties agreed to settle Plaintiff's claim of entitlement to LTD benefits.  Specifically, Plaintiff agreed that in exchange for an agreed-upon payment, he

> does hereby completely and irrevocably release and forever discharge Defendants and/or their parents, subsidiaries, and affiliate corporations, their officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, successors, and assigns, from any and all claims and rights (including, without limitation, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature and character, known

    and unknown) that Borg asserted or could have asserted in the Litigation, and any and all other claims and rights arising out of or relating to the subject matter of the Litigation (including, without limitation, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature and character, known and unknown) that Borg may have or could have filed or caused to be filed in any court of law or before any administrative agency, state or federal, prior to the execution of this Agreement.

(Graber Decl. Ex. I.)[1]  By this comprehensive release, Plaintiff released Defendants from any claims relating to Defendants' denial of LTD benefits (which was the specific cause of action asserted in *Borg I*).  This release of his claim regarding the propriety of Defendants' denial of benefits, too, extends to any claims that Plaintiff could have raised before the Settlement Agreement was executed in December 2006.  As such, the additional LTD claims that Plaintiff claims he filed in September 2006 (as alleged in his first cause of action in *Borg II*) fall within the scope of this release.

    Under California law (which the parties agreed would govern the Settlement Agreement), a settlement agreement — like any other contract — is governed by general principles of contract law.  *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989).  The above release is unambiguous in its terms, that is, it is clear from the scope of the release that it includes the claim for LTD benefits contained in the first cause of action in *Borg II*.  Indeed, Plaintiff concedes as much, as he alleges in his Complaint that he is entitled to bring the current action "notwithstanding the prior settlement agreement, because the latter was induced by fraud." (Compl. ¶ 14.)  Plaintiff does not contend that the Settlement Agreement does not encompass his first cause of action, nor could he.

    In addition, Plaintiff cannot dispute that Defendants tendered to him a check for the full amount of consideration agreed to between the parties, as called for under the Settlement

---

[1] Although Plaintiff did not attach the Settlement Agreement as an exhibit to his Complaint, this Court may nevertheless consider it on a motion to dismiss, because the Settlement Agreement was referenced within the Complaint.  In ruling on a motion to dismiss, this Court may review "materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings."  *Orlando v. Carolina Cas. Ins. Co.*, 2007 WL 781598, at *3 (E.D. Cal. Mar. 13, 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)).

1  Agreement. Defendants thus upheld their end of the bargain, such that Plaintiff cannot assert he
2  is entitled to escape the release contained in the Settlement Agreement based on Defendants'
3  failure to perform under that contract. Notably, not only did Plaintiff accept Defendants'
4  settlement check, but he has not tendered back to Defendants the money he received thereby (nor
5  has he even offered to do so), despite his attempt in his second cause of action to essentially
6  rescind the Settlement Agreement. Plaintiff's acceptance of this sum operates as an accord and
7  satisfaction, thus barring Plaintiff's first cause of action herein. *See Connecticut Printers, Inc. v.*
8  *Gus Kroesen, Inc.*, 134 Cal.App.3d 54, 59-60, 184 Cal.Rptr. 436 (1982); *Woolridge v. JFL Elec.,*
9  *Inc.*, 96 Cal.App.4th Supp. 52, 60, 117 Cal.Rptr.2d 771 (2002).

10  Accordingly, if Plaintiff cannot prevail on his second cause of action — that is, if he
11  cannot establish that the Settlement Agreement was induced by fraud — then the Settlement
12  Agreement is enforceable and encompasses the benefits claim contained in his first cause of
13  action. In fact, given the unambiguous and broad release contained in the Settlement Agreement,
14  should the Court find Plaintiff's fraud claim to be baseless (which the Court should conclude as a
15  matter of law, as discussed below), then the bringing of this action "constitutes a patently and
16  offensively frivolous, legally unreasonable act in violation of Rule 11." *Ashley v. Corona*, 1993
17  WL 181377, at *4 (N.D. Cal. May 25, 1993).

### III. PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. Plaintiff's Fraud Claim is Not Stated With Particularity, as Required Under Fed. R. Civ. P. 9(b)

21  Under Fed. R. Civ. P. 9(b), allegations of fraud "must be specific enough to give
22  defendants notice of the particular misconduct which is alleged to constitute the fraud charged so
23  that they can defend against the charge and not just deny that they have done anything wrong."
24  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). This means that allegations of
25  fraud should include "an account of the time, place, and specific content of the false
26  representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG*
27  *LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.
28  1997) (fraud allegations must identify "the who, what, when, where, and how" of the fraud). Put

1   another way, a plaintiff "must set forth what is false or misleading about a statement, and why it

2   is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  In addition, where

3   there are multiple defendants (as here), Rule 9(b) requires that the plaintiff "inform each

4   defendant separately of the allegations surrounding his alleged participation in the fraud."

5   *Swartz*, 476 F.3d at 764-65.

6         Plaintiff's Complaint comes nowhere close to meeting this standard.  The sum total of

7   Plaintiff's fraud allegations are the following:

8   - "The plaintiff was fraudulently inducted because, *inter alia*, defendants concealed several actions of the procedure used in their analysis and appeal
9      process in rejecting [Plaintiff's] LTD claim."  (Compl. ¶ 12.)

10  - "Plaintiff was also defrauded into signing the agreement because defendants' counsel and agents told him numerous points vis a vis defendants' policies
11     toward claims."  (*Id.*)

12  - "Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations as listed in the foregoing paragraphs,
13     led plaintiff throughout his employment with defendants to reasonably believe that if plaintiff became disabled he would reap LTD benefits."  (*Id.* ¶ 17.)
14

15  These allegations fail to satisfy Fed. R. Civ. P. 9(b) for several reasons.

16        First, these allegations lump Defendants together, and make no attempt to differentiate

17  between statement allegedly made or acts allegedly taken by Target, on the one hand, and

18  Principal Life, on the other hand.  Second, Plaintiff has not identified who made the allegedly

19  fraudulent misrepresentations.  At one point, Plaintiff alleges that Defendants' agents made some

20  unspecified misrepresentations.  But, "[b]ecause corporations speak through agents, allegations

21  that a corporation or its 'agents' committed fraud or made misrepresentations are generally

22  insufficient, and the specific identity of the agent must be alleged for purposes of Rule 9(b)."

23  *Orlando*, 2007 WL 781598, at *8.  Third, Plaintiff does not indicate when these alleged

24  misrepresentations occurred.  Fourth, and perhaps most importantly, that "what" of the alleged

25  misrepresentations is missing entirely from Plaintiff's Complaint.  That is, the Complaint does

26  not indicate what Defendants' agents actually said (or failed to say) that constitutes the alleged

27  fraud.  Without any indication of what was actually said or omitted, of course, the Complaint

28

1  cannot (and does not) specify what it was about these alleged statements or omissions that
2  constituted fraud.

3  In sum, Plaintiff's second cause of action for misrepresentation fails to satisfy Fed. R. Civ.
4  P. 9(b). This cause of action should therefore be dismissed. *See Vess*, 317 F.3d at 1107-08 (a
5  motion to dismiss under Fed. R. Civ. P. 9(b) "is the functional equivalent of a motion to dismiss
6  under Rule 12(b)(6) for failure to state a claim").

      **B.**     **Plaintiff Can Show No Set of Facts that Would Entitle Him to Relief on His Fraud Allegations**

9  Even if Plaintiff's allegations satisfied Fed. R. Civ. P. 9(b), his second cause of action
10 nevertheless fails to state a claim upon which relief may be granted. To establish fraud under
11 California law, Plaintiff must show: "(1) a misrepresentation (false representation, concealment,
12 or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud, i.e., to induce
13 reliance; (4) justifiable reliance; and (5) resulting damage." *Orlando*, 2007 WL 781598, at *7
14 (citing *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 990, 22 Cal.Rptr.3d 352, 102 P.3d
15 268 (2004)). "Where a party is represented by counsel and/or where the alleged
16 misrepresentation was made by an adversary during the course of negotiations, courts have often
17 held that reliance is unjustifiable." *Schiff v. City & County of San Francisco*, 2007 WL 2023501,
18 at *10 (N.D. Cal. July 12, 2007).

19 Here, while it is unclear just what the purported fraud is upon which Plaintiff claims to
20 have relied, Plaintiff's vague description of the purported fraud nevertheless fails to satisfy the
21 above elements of fraud. As to Plaintiff's first allegation of fraud — that "defendants concealed
22 several actions of the procedure used in their analysis and appeal process in rejecting his LTD
23 claim" — it is clear from the context of the paragraph within which this allegation is contained
24 that Plaintiff is referring to the LTD claim that was the subject of *Borg I*. (*See* Compl. ¶ 12
25 (discussing Plaintiff's "prior LTD claim").) This Court may take judicial notice of the summary
26 judgment briefing that was filed in *Borg I*, which included as an exhibit the entire Administrative
27 Record relating to the LTD claim at issue in *Borg I*. (*See* Graber Decl. ¶ 6 and Ex. A.) As this
28 Court knows, the Administrative Record for any given benefits claim contains a plan participant's

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV 07-03149 HRL
sf-2373773

10

claim for benefits and all information submitted in support of such claim, contains the plan administrator's initial decision and any decisions on appeal, and contains any other information on which the plan administrator relied in reaching its decision; the Administrative Record submitted in *Borg I* was no exception. (*Id.* ¶ 4 and Ex. A.) Thus, Plaintiff had in his possession everything that Defendants had in their possession that they considered in "rejecting his LTD claim." To the extent that Plaintiff did not review this information before entering into the Settlement Agreement, or to the extent that Plaintiff relied on oral representations from Defendants regarding the procedure used in considering his claim, such actions cannot support an allegation of fraud, because Plaintiff had in his possession all relevant facts regarding the claims procedure that Defendants used.

As to Plaintiff's second allegation of fraud — that "defendants' counsel and agents told him numerous points vis a vis defendants' policies toward claims" — the Court may again take judicial notice of the summary judgment briefing filed in *Borg I*, which included a copy of the summary plan description for Target's LTD plan. (*See* Graber Decl. Ex. A.) Under ERISA, Target's claims procedures governing any claims for benefits must be (and are) contained in the governing plan documents. *See, e.g.*, 29 C.F.R. § 2520.102-3. Because Plaintiff had the summary plan description in his possession before he signed the Settlement Agreement herein, it was unreasonable for him to have relied on any purported statements that Defendants' counsel and agents may have made regarding claims procedures.

Finally, as to Plaintiff's third allegation of fraud — that he had been "assur[ed]" and "promise[d]" that if he "became disabled he would reap LTD benefits" — this assertion was the very basis of *Borg I*. That is, Plaintiff asserted in *Borg I* that he believed he was entitled to LTD benefits, and asserted that Defendants had improperly denied his claim for such benefits. Plaintiff thus knew, when he settled *Borg I*, that Defendants had denied his claim for LTD benefits and that he would not "reap LTD benefits" despite his assertion of disability.

Notably, as to all of Plaintiff's allegations of fraud, they appear to involve omissions or misrepresentations alleged to have occurred during the litigation of *Borg I*. Plaintiff, of course, was represented by counsel in *Borg I*. In keeping with *Schiff*, any reliance on the omissions or

1  misrepresentations alleged to have occurred during the litigation of *Borg I* was therefore
2  unjustified.  As the California state courts have noted, where a plaintiff is represented by counsel
3  at the time of an allegedly fraudulent statement, it is not "reasonable for plaintiff to accept
4  defendant's statements without an independent inquiry or investigation."  *Wilhelm v. Pray, Price,*
5  *Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986).  This holding is
6  particularly applicable here, as Plaintiff was not only represented by counsel in *Borg I* but had the
7  benefit of full discovery (and Defendants' briefing on their motion for summary judgment) before
8  he agreed to settle his claims.

9  　　　　It is worth noting that what is going on here is not a case of fraud, but a case of buyer's
10  remorse.  Specifically, *after* agreeing to the terms of the Settlement Agreement, Plaintiff then
11  sought to exclude from the Settlement Agreement the additional LTD claims that he believed he
12  had (and that are referenced in the first cause of action in *Borg II*).  (Graber Decl. ¶ 11.)  In the
13  alternative, Plaintiff asked to receive additional consideration for these claims, again, *after*
14  agreeing to accept $50,000 in exchange for a full and complete release.  (*Id.*)  It is clear that
15  Plaintiff now regrets that he accepted the terms of the Settlement Agreement without even
16  seeking to carve out the additional claims he asserts he has relating to LTD claims he alleges he
17  filed in September 2006 (and particularly regrets Defendants' refusal to renegotiate the
18  Settlement Agreement to which he had agreed with advice of counsel).  This regret, however, is
19  insufficient to support a claim of fraud.  Indeed, buyer's remorse is so patently inadequate a basis
20  for bringing a claim of fraud against Defendants as to merit an award of sanctions under Fed. R.
21  Civ. P. 11.

22  　　　　Because Plaintiff failed to plead his allegations of fraud with particularity, and because his
23  allegations of fraud fail as a matter of law in any event, his second cause of action should be
24  dismissed.

25
26
27
28

**CONCLUSION**

For the foregoing reasons, Defendants Principal Life and Target respectfully request that the Court grant Defendants' motion to dismiss, and that Plaintiff's claim for benefits under ERISA and his claim of fraudulent inducement be dismissed with prejudice.

Dated: August 16, 2007

ANGELA L. PADILLA
EVA K. SCHUELLER
MORRISON & FOERSTER LLP


By: /s/ Angela L. Padilla
     Angela L. Padilla

Attorneys for Defendants
TARGET CORPORATION and
PRINCIPAL LIFE INSURANCE CO.

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV 07-03149 HRL
sf-2373773

13