1  ANGELA L. PADILLA  (CA SBN 154863)
   APadilla@mofo.com
2  EVA K. SCHUELLER (CA SBN 237886)
   ESchueller@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendants
   PRINCIPAL LIFE INSURANCE CO. and
7  TARGET CORPORATION

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  DON BORG,                          Case No.   C-07-03149-HRL

14          Plaintiff,                 [Hon. Howard R. Lloyd]

15      v.

16  PRINCIPAL LIFE INSURANCE COMPANY,  **DECLARATION OF GEOFFREY
    TARGET CORPORATION,                GRABER IN SUPPORT OF
17                                     MOTION TO DISMISS**

          Defendants.
18                                     Date:  October 2, 2007

19                                     Time:  10:00 a.m.

20                                     Location:  Courtroom 2

21

22

23

24

25

26

27

28

## <u>DECLARATION OF GEOFFREY GRABER</u>

I, Geoffrey Graber, declare:

1.    I am an Associate at Morrison & Foerster LLP, and have personal knowledge of each and all the facts stated in this declaration.  I submit this declaration in support of Defendants' Motion to Dismiss.

2.    I was the attorney of record for Defendants Principal Life Insurance Company and Target Corporation (collectively, "Defendants") in *Borg v. Principal Life Insurance Co., Target Corporation, et al.*, No. C 05-05295 (N.D. Cal.) ("*Borg I*").

3.    In December 2005, Plaintiff Donald Borg sued Principal Life, alleging that the denial of his Long Term Disability violated ERISA.  The action was assigned to this Court. Mr. Borg later amended his complaint in *Borg I* to include Target as a defendant.

4.    The parties in *Borg I* conducted discovery, during the course of which Defendants produced to Mr. Borg and his counsel the Administrative Record relating to his LTD claim.

5.    On August 18, 2006, the parties participated in a mediation, presided over by Michael E. Dickstein, the Court-appointed mediator.  The mediation session itself did not end in a settlement.  According to Mr. Dickstein, one of Mr. Borg's sticking points in the mediation was his belief that as of that time (that is, summer 2006), he had additional LTD claims against Target and Principal Life that he sought to assert, and he wanted to know whether Target had continued paying premiums to extend his disability coverage.  Defendants responded to this assertion, through Mr. Dickstein, by pointing out that under the terms of Target's LTD plan, disability coverage ends at the same time a plan participant's employment at Target ends.  To emphasize this point, I provided Mr. Dickstein with a copy of the relevant page of Target's LTD plan.

6.    Mr. Dickstein continued to facilitate settlement communications between the parties, even though the mediation did not result in a settlement,  As the parties were continuing to discuss a potential settlement, Defendants prepared a motion for summary judgment, which was filed and served on November 14, 2006.  Defendants' motion for summary judgment attached the complete Administrative Record relating to Mr. Borg's LTD claim, which was produced earlier in the case.  Defendants' motion for summary judgment was set to be heard on

December 19, 2006. Attached hereto as <u>Exhibit A</u>, is a true and correct copy of the docket sheet for *Borg I*, reflecting the filing of Defendants' motion for summary judgment and the Administrative Record (which was filed under seal).

7.      On November 15, 2006, Mr. Borg's counsel, Stanley Hilton, sent me an email indicating that Mr. Borg wished to settle immediately. Attached hereto as <u>Exhibit B</u>, is a true and correct copy of the November 15, 2006 email.

8.      On or about November 16, 2006, Mr. Dickstein conveyed a "mediator's proposal to settle the case. On November 17, 2006, Defendants accepted the mediator's proposal. Later that day, Mr. Dickstein reported to counsel for the parties that they had reached a settlement. Attached hereto as <u>Exhibit C</u>, is a true a correct copy of Mr. Dickstein's email confirming the settlement, and stating to counsel, "you have both accepted the mediator's proposal, on behalf of your clients."

9.      After the parties had reached a settlement in principle, I prepared a Settlement Agreement and Stipulation for Dismissal, which I sent to Mr. Hilton on November 21, 2006. Attached hereto as <u>Exhibit D</u>, is a true a correct copy of my November 21, 2006 email.

10.     Mr. Hilton responded to my email by asking that Defendants immediately withdraw their motion for summary judgment. In response, I told Mr. Hilton that Defendants would not withdraw their motion for summary judgment until he confirmed that Mr. Borg agreed with the terms of the proposed Settlement Agreement. Mr. Hilton then confirmed that his client had agreed to the Settlement Agreement, stating: "YES, BORG AGREES TO ALL THE TERMS IN THE SETTLEMENT AGREEMENT. YOU GOT MY WORD FOR THIS. PLEASE TAKE MSJ OFF CALENDAR." Attached hereto has <u>Exhibit E</u>, is a true and correct copy of the email correspondence between me and Mr. Hilton reflecting these discussions.

11.     On December 16, 2006, to my surprise, Mr. Dickstein contacted me regarding the settlement. As of that date, Mr. Borg still had not signed the Settlement Agreement. Mr. Dickstein informed me that Mr. Borg now wanted to carve out of the settlement any subsequent LTD claims he believed he had against Defendants or, in the alternative, secure additional compensation for a full release of these claims.

GRABER DECLARATION IN SUPPORT OF MOTION TO DISMISS
C-07-03149-HRL
sf-2369294

2

12.    I immediately responded directly to Mr. Hilton by e-mail dated December 16, 2006, and stated that Defendants "will not engage in any further negotiations regarding the terms of the settlement to which Plaintiff has already agreed." Attached hereto as <u>Exhibit F</u>, is a true and correct copy of my December 16, 2006, email to Mr. Hilton.

13.    Mr. Hilton responded to my email later that same day, indicating that Mr. Borg had not refused to sign the Settlement Agreement, but simply had further questions: "HE JUST WANTED CLARIFICATION ON HIS 4 OTHER CLAIMS FROM SEP 06. ARE THEY OUT TOO WITH THIS OR ION [sic]? IS [sic] YOUR CLIENTS WILLING TO EXCLUDE THESE FROM THE AGREEMENT? THIS IS JUST A QUESTION, NOT AN ATTEMOPT [sic] TO GET OUT OF THE K." Attached hereto as <u>Exhibit G</u>, is a true and correct copy of Mr. Hilton's December 16, 2006 response email to me.

14.    In response, I spoke to Mr. Hilton and reiterated that neither Target nor Principal Life were willing to carve these claims out of the Settlement Agreement, nor were they willing to pay additional consideration for these claims.

15.    On December 19, 2006, Mr. Borg signed the Settlement Agreement. Attached hereto as <u>Exhibit H</u>, is a true and correct copy of the fully executed Settlement Agreement and Stipulation of Dismissal.

16.    On December 27, 2006, the Court entered the Stipulation of Dismissal, thereby dismissing *Borg I*, with prejudice. Attached hereto as <u>Exhibit I</u>, is a true and correct copy of the Stipulation of Dismissal, as entered by the Court.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of August, 2007 at San Francisco, California.

Geoffrey Graber