1  LAW OFFICES OF STANLEY G. HILTON
   Stanley G. Hilton, SBN #65990
2  2570 North First Street, Suite 200
   San Jose, CA 95131
3  Telephone:  (415) 786-4821

4  Attorney for Plaintiff
   DON BORG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DON BORG, | No. 07-CV-03149 HRL |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR DISMISSAL OF THE COMPLAINT |
| vs. | |
| PRINCIPAL LIFE INSURANCE COMPANY, TARGET CORPORATION, and DOES 1 through 20, inclusive, | Hearing Date: October 2, 2007<br>Time:  10:00 a.m.<br>Place:  Courtroom 2.<br>Judge:  Hon. Harold R. Lloyd |
| Defendants. | |

1

I.    INTRODUCTION

At this juncture in the proceedings defendants, PRINCIPAL INSURANCE CO., and TARGET CORPORATION, seek dismissal or summary judgment without having answered the complaint.

Plaintiff seeks leave of court to amend his complaint in order to more particularly state his claims against the defendants violated plaintiff's constitutional, statutory and common law tort rights to long term disability benefits and the corresponding attempt to defraud the plaintiff out of those rights in an abusive and fraudulent manner. Because these defendants have acted in conspiracy with others to perpetrate this fraud, they must be held accountable.

The defendants assert that with respect to the federal claims there are insufficient allegations with respect to fraud. Plaintiff maintains that defendants should be held answerable and liable for all causes of action for conspiring with the other defendants to induce plaintiff to trade away his right to long term disability benefits based on false information.

These defendants have conspired to violate plaintiff's rights and take his benefits without due process or equal protection.

The defendant also asserts that the plaintiff's complaint contains no false factual assertions and that there is no statement of any misrepresentation that would constitute the tort of fraud.

This is clearly not true but to the extent that the court may seek clarification, the plaintiff asks leave to amend to state a claim against the defendants.

Modern federal rules of pleading allow a complaint to stand if it can prevail on any theory assuming the facts pled are true. The plaintiff in this action has plainly met that burden and the motion for dismissal must be rejected. Equally the contention of a motion for summary judgment is inapplicable and defendants should be required to answer the complaint.

If the court treats this case as a de facto summary judgment motion it should require defendants to go back to the drawing board and file one that comports with FRCP Rule 56.

If this Court finds any defects in the complaint, plaintiff requests leave to amend the complaint to cure those defects.

1  If this Court converts this motion into a motion for summary judgment under Federal Rules of Civil Procedure, Rule 56, plaintiff invokes Rule 56(for) and hereby requests at least six months to conduct the necessary discovery to oppose a summary judgment motion consistent with a proper discovery plan.

Plaintiff asks for leave to amend the complaint. He avers that in fact, his claim this time is different from the last one in the prior case, and that, inter alia, he has alleged new dates of injury.

In a nutshell, the prior case is an appeal from a denial of long term disability based on the "black box" of documents and medical files submitted to the carrier as of a certain date. Under the ERISA law, this court could only consider the documents and evidence in the black box sealed as of that date, but not other documents or subsequent injuries or aggravations or change in medical circumstances.

The instant case, by contrast, involves four new dates of injury incurred whilst Borg was still an employee of Target, covered under this long term disability policy. Hence these events all occurred after the deadline for sealing the black box in the earlier case. Hence we have a right to present these new claims.

II.     STATEMENT OF FACTS

Defendant TARGET employed plaintiff on September 25, 2000 and transferred him as Store Team Leader, i.e., manager, to the Mountain View, California store on June 1, 2001.

Plaintiff became disabled on February 6, 2003, and became eligible to receive long term disability benefits under his policy with defendants.

All of the actions relative to this complaint are within the jurisdiction of the Employee Retirement Security Income Act, ("ERISA"), 29 U.S.C. §1001, et seq., and 28 U.S.C. §1331. The plaintiff has rights within that Act that have not been adequately addressed.

On or about the following dates in 2006, including September 7, 2006 and September 10, 2006, plaintiff filed four specific claims for long term disability benefits (LTD), and the medical status of his situation WAS such that the medical records and evidence of disability had changed and WAS substantially different, and more ominous medically, than the medical records had

3

Memorandum in Opposition to Motion to Dismiss

been when defendant rejected plaintiff's original ERISA claim.  Because plaintiff filed his Long-Term Disability claims 4 times in 2006 based on four different sets of medical situations, body parts and records, defendant violated his ERISA rights by not granting him the dispensation of LTD.  Defendants' interminable cunctation, coupled with a cynical and rote form of "automatic LTD denials," violated plaintiff's rights under ERISA.

During the interregnum between plaintiff's four separate claims and his prior claim, plaintiff suffered additional injuries and complications which were not and could not have been known to defendants when they rejected his original claim. They did not have the medical evidence and did not seek it, blithely and mindlessly rejecting his claims ipso facto. Plaintiff demonstrated, and the medical records proved, that he WAS totally and permanently disabled and unable to perform duties of a Target store manager ("team leader") because said job required arduous physical stamina and effort, which plaintiff's orthopedic injuries to shoulder, back etc. Rendered impossible.  The defendants refused to grant plaintiff LTD status.  These actions by defendants and each of them violated the ERISA.

As a proximate result of defendants' conduct as explained above, plaintiff has been damaged financially and emotionally, has suffered pain, has lost income and other benefits, health insurance, life insurance, pension plan,  has suffered depression, and has incurred great expenses, and other health, employment and career benefits, as well as lost potential income earning ability, all to his detriment in a sum according to proof.

The conduct of the defendants described above WAS at all times material hereto, malicious and intentional, and entitles plaintiff to an award of punitive damages.  Also plaintiff requests an award of attorney fees under the federal ERISA laws.

In or about December 20, 2006, plaintiff WAS induced by defendants' fraud to enter into a settlement agreement with defendants as to a prior LTD claim.  The plaintiff WAS fraudulently induced because, inter alia, defendants concealed several actions of the procedure used in their analysis and appeal process in rejecting his LTD claim. Plaintiff WAS also defrauded into signing the agreement because defendants' counsel and agents told him numerous points vis a vis defendants' policies toward claims.

4

Memorandum in Opposition to Motion to Dismiss

1  There can be no doubt that the plaintiff relied on defendants' misrepresentations to his detriment. He settled for less than he should have gotten.  Therefore, there can be no question that plaintiff is entitled to bring this action notwithstanding the prior settlement agreement, because the latter WAS induced by fraud.

Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff throughout his employment with defendants to reasonably believe that if plaintiff became disabled he would reap LTD benefits.

Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights.  Thus, plaintiff is entitled to recover punitive damages of $50 million from each defendant, in an amount according to proof.

Plaintiff demands an award of attorney fees because he is fighting to vindicate important public rights that apply to all members of the class of plaintiff suing herein. The blatant violations constitute a violation of public policy and discrimination based on improper motives and a violation of constitutional rights.

III. ARGUMENT

A. Standard of Review

All of the principles of modern pleading support the idea that plaintiff must be allowed to plead its case with the widest latitude, with the benefit of all doubts and all contentions or ambiguities resolved in its favor

Courts view Federal Rules of Civil Procedure, Rule 12(b)(6) motions with disfavor because of the role pleadings play in federal practice, the liberal policy toward amendment of the pleadings and the right of a plaintiff to present his case on any theory that has a chance of success. "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Development Corp. 108 F.3d 246, 249 (9th Cir., 1997).  See also, Colaprico v. Sun Microsystems, Inc. 758 F.Supp. 1335, 1339, (N.D., 1991).

Similarly, this jurisdiction has held that a dismissal under Rule 12(b)(6) is proper only in

5

1  extraordinary circumstances. United States v. Redwood City 640 F2d 963, 966 (9th Cir., 1981).

2  For our purposes here the case of Bennett v. Schmidt 153 F.3d 516 is even more
3  instructive. The court in Bennett, at 518, said:

> "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving – if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment."

7  In addition, it has long been held that the complaint must be construed in the light most
8  favorable to plaintiff. Any doubt as to whether a claim is valid is resolved in favor of plaintiff.
9  (Parks School of Business, Inc. v. Symington 51 F.3d 1480, 1484 (9th Cir., 1995).) On the same
10 point the United States Supreme Court, in Conley v. Gibson 355 U.S. 41, 45-46, 78 S.Ct. 99, 102
11 (1957), has said:

> "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

14 The question of plaintiff's ability to prove his allegations is not at issue in a motion for
15 dismissal under Rule 12(b)(6). For example, in citing a US Supreme Court case, the court in
16 Nami v. Fauver 82 F.3d 63, 65 (3rd Cir., 1996) said:

> "We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. [citation omitted] The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action. Since this is a Section(s) 1983 action, the plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution. Id. In considering a Rule 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)."

24 With respect to the issue that the court must accept as true all material allegations in the
25 complaint, as well as reasonable inferences to be drawn from them, even if they are unlikely, see
26 also, Pareto v. F.D.I.C. 139 F.3d 696, 699 (9th Cir., 1998).

27 The point here is that the standard that defendant must reach to dismiss the claims for
28 failure to state a cause of action are very high. Defendant has clearly failed to meet its burden as

we will demonstrate below.

### B. Scope of Prior Agreement Did Not Include Present Claims

It is incontrovertible, that during the interregnum between plaintiff's four separate claims and his prior claim, plaintiff suffered additional injuries and complications which were not and could not have been known to defendants when they rejected his original claim.

Plaintiff asks for leave to amend the complaint. He avers that, in fact, his claim this time is different from the last one in the prior case, and that, inter alia, he has alleged new dates of injury.

In a nutshell, the prior case involved appeal from a long term disability denial based on the "black box" of documents and medical files submitted to the carrier as of a certain date. Under the ERISA law, this court could only consider the documents and evidence in the black box sealed as of that date, but not other documents or subsequent injuries or aggravations or change in medical circumstances.

The instant case, by contrast, involves four new dates of injury incurred whilst Borg was still an employee of Target, covered under this LTD policy. Hence these events all occurred after the deadline for sealing the black box in the earlier case. Hence we have a right to present these new claims.

### C. Fraud Claims Are Stated with Particularity

The fraud claims are stated with sufficient particularity for the defendants to understand the nature of the fraud. That is all that is required.

It is true that under Federal Rules of Civil Procedure, Rule 9(b) requires that allegations of fraud be stated with particularity. It is also true that "particularity" is taken to mean the who, what, when, where and how of the fraud in question. But that is laid out in the complaint already. We have stated the dates on which the fraudulent actions took place deprive the plaintiff of his rights to long term disability benefits based on information that WAS false and that he unjustly relied upon. This fraud subjected the plaintiff to considerable harm to his assets, livelihood and career.

We have already described the kinds of statements that lead to the fraud and the

7

fraudulent inducement of the prior agreement and the fact that the scope of the agreement did not include the present claims.

We stand ready to amend the complaint to supply even greater detail and request leave to do so if necessary, but it should not be necessary. Defendants understand very well the charge of fraud laid against them in the complaint.

### D. The Defendant Has Inflicted Emotional Distress on Plaintiff

Plaintiff alleges and will seek to prove that the conduct of defendants WAS in fact malicious, outrageous and intentionally calculated to inflict emotional distress.

A claim of intentional infliction of emotional distress requires a plaintiff to show (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." See, Cervantez v. J.C. Penney Co. (1979) 24 Cal.3d 579.

How malicious, outrageous and extremely beyond the bounds of common decency it is can be alleged specifically and plaintiff stands ready to amend the complaint to show exactly how the actions

But the allegations supporting the cause of action for infliction of emotional distress are not legal questions subject to a motion for dismissal. Rather, they are a matter to proof at trial or, at the very minimum, subject to challenge at summary judgment. But in a motion to dismiss the allegations of plaintiff should be taken at face value. It is one of the standards of a motion to dismiss that all allegations of the non-moving party are assumed to be true for the purposes such a challenge. It only at trial that the relative truth of the allegations are weighed.

The standard for granting leave to amend is very liberal. If there is a possibility that a complaint can be effectively amended, leave should be granted to do so.

The plaintiff hereby request leave of court to amend the complaint to more adequately plead the allegations that constitute infliction of emotional distress.

### E. Standard For Leave to Amend is Liberal

The standard for granting leave to amend is very liberal. If there is a possibility that a

complaint can be effectively amended, leave should be granted to do so.

Plaintiff requests leave of court to amend the complaint in order to describe in detail the identities of defendants' agents, employees, and officers who made false statements to plaintiff which constitute fraud, detailed verbatim renditions of the actual misrepresentations uttered by defendants' agents and specific dates and locations where the fraudulent statements were made.

Federal Rule of Civil Procedure, Rule 15 requires the court to adopt a very liberal policy toward giving a plaintiff leave to amend the complaint at least once.

The underlying principle is the interest in serving justice. A district court must grant leave to amend freely when justice so requires. This policy is to be applied with extreme liberality. Lopez v. Smith 203 F.3d 11122, 1130 (9th Cir. 2000). Moronogo Band of Mission Indians v. Rose 893 F.3d 1074, 1079 (9th Cir. 1990).

In exercising its discretion whether to grant leave to amend, the court should be guided by the underlying purpose of allowing amendments which will facilitate the parties obtaining a judgment on the merits of the action. Filmtec Corp. V. Hydranautics 67 F.3d 931, 935 (Fed. Cir. 1995), cert. denied., 519 U.S. 814 (1996) citing DCD Programs, Ltd. v. Leighton 833 F.2d 183.

In fact, it has been held that the policy that a court should freely grant amendments limits a court's ability to deny leave to amend, and in a proper case, may warrant a finding of abuse of discretion in denying leave. It WAS an abuse of discretion to deny leave to amend a complaint where plaintiffs were trying in good faith to amend to meet heightened pleading standards applicable to securities fraud actions. See, Eminence Capital, LLC. V. Aspeon, Inc. 316 F.3d 1048, 1051-1053 (9th Cir. 2003)

In this case, should the court find any defect in the complaint, the plaintiff, Stanley Hilton, hereby requests leave of court to amend the complaint under this very liberal standard to encourage judgment on the merits.

IV.   CONCLUSION

Therefore, the overwhelming conclusion is that the plaintiff has stated facts sufficient to meet the threshold of pleading for claims violation right to long term disability and for fraud. A motion to dismiss under Rule 12(b)(6) is completely inappropriate because plaintiff should be

1 | allowed to conduct discovery to prove his claims. For the same reason, a motion for summary
2 | judgment would be highly inappropriate as defendants have not answered and plaintiff must be
3 | granted time, at the very least to conduct discovery as to the facts.
4 |     The motion for dismissal should be rejected by this court and the defendants should be
5 | required to answer the complaint.
6 | DATED: September 12, 2007    LAW OFFICES OF STANLEY G. HILTON
7 |
8 |     By _____
    Stanley G. Hilton
    Attorney for Plaintiff

10