ANGELA L. PADILLA (CA SBN 154863)
EVI K. SCHUELLER (CA SBN 237886)
APadilla@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: APadilla@mofo.com

Attorneys for Defendants
PRINCIPAL LIFE INSURANCE CO. AND
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON BORG, <br><br> Plaintiff, <br><br> v. <br><br> PRINCIPAL LIFE INSURANCE CO., TARGET CORPORATION, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. C-07-03149-JW <br><br> [Hon. James Ware] <br><br> **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** <br><br> Date: December 3, 2007 <br><br> Time: 9:00 a.m. <br><br> Location: Courtroom 8 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.    THE PLEADINGS AND THE PUBLIC RECORD MAKE CLEAR THAT PLAINTIFF'S FIRST CAUSE OF ACTION WAS RELEASED UNDER THE SETTLEMENT AGREEMENT REACHED IN *BORG I* ........................................... 2

II.   PLAINTIFF MAKES NO ATTEMPT TO STATE HIS FRAUD CLAIM WITH PARTICULARITY, NOR IS HE ABLE TO DO SO, SUCH THAT HIS SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................................................. 3

    A.    Plaintiff's Fraud Claim is Not Stated With Particularity, as Required Under Fed. R. Civ. P. 9(b) ........................................................................... 3

    B.    Plaintiff's Request for Leave to Amend His Complaint Should be Denied Because Plaintiff Can Show No Set of Facts that Would Entitle Him to Relief on His Fraud Allegations ............................................................... 4

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

## CASES

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ................................................................................................ 3

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) ..................................................................................................... 5

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997) ................................................................................................... 3

*Schmier v. United States Court of Appeals for the Ninth Circuit*,
279 F.3d 817 (9th Cir. 2002) ................................................................................................... 5

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ................................................................................................... 3

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,
245 F.3d 1048 (9th Cir. 2001) ................................................................................................. 5

*Ward v. Circus Circus Casinos, Inc.*,
473 F.3d 994 (9th Cir. 2007) ................................................................................................... 4

*Wilhelm v. Pray, Price, Williams & Russell*,
186 Cal.App.3d 1324, 231 Cal.Rptr. 355 (1986) ................................................................... 6

## STATUTES AND RULES

29 C.F.R. § 2520.102-3 ................................................................................................................ 5

Civil L.R. 10.1 ............................................................................................................................... 4

**INTRODUCTION**

Plaintiff Donald Borg ("Plaintiff"), in his opposition to the Motion to Dismiss filed by defendants Target Corporation ("Target") and Principal Life Insurance Company ("Principal Life"), makes two primary assertions: (1) that because the current action seeks disability benefits for a different time period than was at issue in his 2005 lawsuit (referred to as "*Borg I*"), there is no impediment to proceeding with the current claim for benefits, and (2) despite his never having identified the who, what, where and when of his alleged fraud claim, Defendants nevertheless know the fraud they allegedly perpetrated on him, such that his conclusory pleading is sufficient. Both assertions are flawed.

As to Plaintiff's benefits claim, it is irrelevant that the benefits Plaintiff seeks by this suit (referred to as "*Borg II*") allegedly arise from a different time period than was at issue in *Borg I*, because Plaintiff explicitly and unequivocally released any and all disability claims that allegedly arose at any time before the date of the settlement agreement reached in *Borg I*. The *Borg I* settlement agreement, meanwhile, was executed in December 2006, while the disability benefits Plaintiff seeks allegedly arose in September 2006. Accordingly, those claims were released by the *Borg I* settlement. As to Plaintiff's fraud claim, Plaintiff asserts that despite his clear pleading deficiency, Defendants' motion to dismiss under Fed. R. Civ. P. 9(b) should be denied because, in his view, Defendants already know what fraud they allegedly committed. This argument is entirely without merit. Indeed, this argument would render Rule 9(b) a nullity, as any plaintiff could presumably urge that a defendant accused of fraud already knows what fraud he or she purportedly committed.

As for Plaintiff's alternative argument – that he could fix his pleading deficiencies if allowed to amend his complaint – Plaintiff offers not even a clue as to how he would correct those pleading deficiencies. And, given the few clues Plaintiff provided in his initial averments of fraud, it is unlikely that Plaintiff's complaint could be amended sufficiently to state a claim. At a minimum, Plaintiff should be required to submit a proposed amended pleading before the Court decides whether such an amendment should be allowed, so that both Defendants and the Court have the opportunity to address whether such an amendment would be futile.

**ARGUMENT**

**I. THE PLEADINGS AND THE PUBLIC RECORD MAKE CLEAR THAT PLAINTIFF'S FIRST CAUSE OF ACTION WAS RELEASED UNDER THE SETTLEMENT AGREEMENT REACHED IN *BORG I***

Plaintiff's primary argument in support of his first cause of action – seeking disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") – appears to be that because he seeks benefits allegedly arising from different injuries in *Borg II* than he did in *Borg I*, there is no impediment to proceeding with this claim. This argument ignores entirely the basis of Defendants' motion to dismiss this claim, which is that Plaintiff settled in *Borg I* all alleged disability claims that arose from facts that occurred up through the date of the *Borg I* settlement agreement.

As Defendants pointed out in their initial briefing, the release in the *Borg I* settlement agreement was comprehensive. In it, Plaintiff released Defendants from "any and all claims and rights," including "causes of action of any and every kind, nature and character, known and unknown," that Plaintiff "may have or could have filed or caused to be filed in any court of law or before any administrative agency, state or federal, prior to the execution of this Agreement." (Graber Decl. Ex. I.) This release thus extends to any claims that Plaintiff could have raised before the settlement agreement was executed in December 2006. As such, the additional disability claims that Plaintiff claims he filed in September 2006 (as alleged in his first cause of action in *Borg II*) fall within the scope of this release.

Of course, Plaintiff and his counsel were well aware – before they even signed the *Borg I* settlement agreement – that Plaintiff would be releasing these September 2006 disability claims by accepting the *Borg I* settlement agreement. As Defendants explained in their initial briefing, Plaintiff's counsel sought in *Borg I* to carve these September claims out of the settlement agreement. As Plaintiff's counsel indicated in an e-mail to Defendants' counsel:

> HE [Plaintiff] JUST WANTED CLARIFICATION ON HIS 4 OTHER CLAIMS FROM SEP 06. ARE THEY OUT TOO WITH THIS OR ION [sic]? IS [sic] YOUR CLIENTS WILLING TO EXCLUDE THESE FROM THE AGREEMENT? THIS IS JUST A QUESTION, NOT AN ATTEMOPT [sic] TO GET OUT OF THE K.

DEFENDANTS' MOTION TO DISMISS
CASE NO. CV 07-03149 JW

2

1  (*Id.* ¶ 13 and Ex. G.)  Defendants' counsel made clear to Plaintiffs' counsel that Defendants were

2  not willing to carve these claims out of the settlement agreement, nor were they willing to pay

3  additional consideration for these claims.  (*Id.* ¶ 14.)  Knowing this, Plaintiff signed the

4  settlement agreement on December 19, 2006.  (*Id.* ¶ 15 and Ex. I.)

**II.     PLAINTIFF MAKES NO ATTEMPT TO STATE HIS FRAUD CLAIM WITH PARTICULARITY, NOR IS HE ABLE TO DO SO, SUCH THAT HIS SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

   **A.     Plaintiff's Fraud Claim is Not Stated With Particularity, as Required Under Fed. R. Civ. P. 9(b)**

As Defendants pointed out in their initial briefing, Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  This means that allegations of fraud should include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must identify "the who, what, when, where, and how" of the fraud).

Plaintiff appears to argue that his bare allegations of fraud meet this exacting standard or, in the alternative, need not meet this standard at all because, in his view, Defendants know what fraud they committed here.  Neither contention has any merit.  Indeed, Plaintiff's second contention – that Defendants simply know what they said and did – merits little discussion.  If such an allegation were sufficient to avoid the strict requirements of Rule 9(b), then no plaintiff would ever need to meet the requirements of Rule 9(b).  Turning to Plaintiff's first assertion, that his pleading meets the Rule 9(b) standard, even a cursory glance at Plaintiff's complaint reveals that this assertion is pure folly.

DEFENDANTS' MOTION TO DISMISS
CASE NO.  CV 07-03149 JW                                                                                                                              3

Plaintiff's allegations of fraud consist *solely* of the following statements:

- "The plaintiff was fraudulently induced because, *inter alia*, defendants concealed several actions of the procedure used in their analysis and appeal process in rejecting his [Plaintiff's] LTD claim."  (Compl. ¶ 12.)
- "Plaintiff was also defrauded into signing the agreement because defendants' counsel and agents told him numerous points vis a vis defendants' policies toward claims."  (*Id.*)

Neither of these allegations contains any specificity, as is required under Rule 9(b).  There is no indication what exactly was said (or concealed), who made such statements or omissions, when such statements or omissions occurred, or why any such statements or omissions constituted fraud.  Plaintiff states "several actions" were concealed, but he does not identify what actions were concealed, by what means, or by whom.  Plaintiff further states that Defendants' "counsel and agents told him numerous points" regarding "policies towards claims," but never identifies which counsel or agents made any such statements, never states what the "numerous points" were that he was told, never states when such statements were purportedly made, and never states why these "points" were fraudulent.  In short, Plaintiff's pleading comes nowhere close to satisfying Rule 9(b).

### B. Plaintiff's Request for Leave to Amend His Complaint Should be Denied Because Plaintiff Can Show No Set of Facts that Would Entitle Him to Relief on His Fraud Allegations

Plaintiff has asserted that if his fraud allegations are insufficiently pleaded, he should be given leave to amend.  Plaintiff, in making this assertion, alleges that he has plenty of detail he could provide regarding his fraud claims that would, he claims, satisfy Rule 9(b)'s pleading standard.  Tellingly, though, despite this bold assertion that Plaintiff could easily satisfy Rule 9(b), Plaintiff offers in his opposition briefing no hint as to the facts he could allege to overcome his pleading deficiencies.  For this reason alone, his request for leave to amend should be denied.  *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (court has discretion to deny motion to amend for failing to attach proposed amended pleading, as required by local rules); *see also* Civil L.R. 10.1 (any party moving to file an amended pleading must reproduce entire proposed pleading).

1    Furthermore, based on the bare allegations Plaintiff made in his complaint, it is clear that
2    any proposed amendment that Plaintiff might submit would be futile.  *Schmier v. United States*
3    *Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (one factor to consider
4    in addressing motion to amend is the futility of the proposed amendment); *United States ex rel.*
5    *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (futility of amendment,
6    alone, is sufficient grounds for denying leave to amend); *see also Bonin v. Calderon*, 59 F.3d 815,
7    845 (9th Cir. 1995) (same).  As Defendants noted in their initial briefing, Plaintiff's first
8    allegation of fraud – that "defendants concealed several actions of the procedure used in their
9    analysis and appeal process in rejecting his LTD claim" – is defied by the judicial record in *Borg*
10   *I*.  In *Borg I*, Defendants submitted as part of their summary judgment briefing the entire
11   administrative record that Defendants assembled in determining the merits of Plaintiff's request
12   for disability benefits.  Thus, the judicial record shows that Plaintiff had in his possession
13   everything that Defendants had in their possession that they considered in "rejecting his LTD
14   claim."  As such, this allegation of fraud cannot stand, and there is no amendment that Plaintiff
15   could make to this allegation that will save it.
16       As to Plaintiff's second allegation of fraud – that "defendants' counsel and agents told
17   him numerous points vis a vis defendants' policies toward claims" – Defendants pointed out in
18   their initial briefing that Plaintiff had in his possession at the time he settled *Borg I* a copy of the
19   summary plan description for Target's long-term disability plan.  (*See* Graber Decl. Ex. A.)  As
20   Defendants further explained in their initial briefing, ERISA requires that Target's claims
21   procedures governing any claims for benefits must be contained in the governing plan documents.
22   *See, e.g.*, 29 C.F.R. § 2520.102-3.  Because Plaintiff had the summary plan description in his
23   possession before he signed the settlement agreement in *Borg I*, it was unreasonable for him to
24   have relied (assuming he even did so) on any purported statements that Defendants' counsel and
25   agents may have made regarding claims procedures.
26       And, what Plaintiff does not address anywhere in his opposition papers is that all of
27   Plaintiff's allegations of fraud appear to involve omissions or misrepresentations alleged to have
28   occurred during the litigation of *Borg I*, wherein Plaintiff was represented by counsel.  California

DEFENDANTS' MOTION TO DISMISS
CASE NO.  CV 07-03149 JW                                                                                  5

state courts have held that where a plaintiff is represented by counsel at the time of an allegedly fraudulent statement, it is not "reasonable for plaintiff to accept defendant's statements without an independent inquiry or investigation." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986). As Defendants noted in their initial briefing, this holding is particularly applicable here, as Plaintiff was not only represented by counsel in *Borg I* but had the benefit of full discovery (and Defendants' briefing on their motion for summary judgment) before he agreed to settle his claims.

## CONCLUSION

For the foregoing reasons, Defendants Principal Life and Target respectfully request that the Court grant Defendants' motion to dismiss, and that Plaintiff's claim for benefits under ERISA and his claim of fraudulent inducement be dismissed with prejudice.

Dated: November 19, 2007

ANGELA L. PADILLA
EVI K. SCHUELLER
MORRISON & FOERSTER LLP


By:   /s/ Angela L. Padilla [e-filing signature]
   Angela L. Padilla

Attorneys for Defendants
TARGET CORPORATION AND
PRINCIPAL LIFE INSURANCE CO.