IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Don Borg, | NO. C 07-03149 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| Principal Life Insurance Co., et al., | |
| Defendants. | |

## I. INTRODUCTION

Don Borg ("Plaintiff") brings this action against Principal Insurance Co. and Target Corporation (collectively, "Defendants") for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Presently before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment.[1] The Court conducted a hearing on December 3, 2007. Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

The present action is related to a previous action (hereafter, "Borg I") involving the same parties filed on December 21, 2005.[2] In Borg I, Plaintiff alleged as follows:

---

[1] (hereafter, "Motion," Docket Item No. 8.)

[2] Borg v. Principal Life Insurance Co., et al., No. 05-05295 (N.D. Cal. Dec. 21, 2005).

Plaintiff was employed by Defendant Target as a store manager in 2001. (Complaint ¶ 3, Borg I.) Plaintiff became disabled on February 7, 2003. (Id. ¶ 7.) Defendant Principal Life denied Plaintiff's claim for long-term disability benefits. (Id. ¶ 8.)

On the basis of the allegations outlined above, Plaintiff asserted three causes of action: 1) violation of ERISA; 2) breach of contract; and 3) bad faith denial of insurance benefits. (Id.) After discovery and mediation, the parties reached a settlement.[3] The Court entered a Stipulated Dismissal which dismissed all of Plaintiff's claims with prejudice.[4]

In a Complaint filed on June 14, 2007 (hereafter, "Borg II"), Plaintiff alleges as follows:

Between September 7, 2006 and September 10, 2006, Plaintiff filed four claims for long-term disability benefits (LTD). Plaintiff's medical status was substantially different than the medical records had been when Defendant [Principal Life] rejected his original ERISA claim. However, Defendant [Principal Life] denied Plaintiff's LTD claims. (Complaint for Damages (ERISA) ¶ 8, hereafter, "Complaint," Docket Item No. 1.)

On December 20, 2006, Plaintiff was fraudulently induced by Defendants to enter into a settlement agreement. (Complaint ¶ 12.) Defendants concealed several actions of the procedure used in their analysis and appeal process in rejecting his long-term disability benefits claim. Plaintiff was fraudulently induced into signing the settlement agreement because Defendants misrepresented their policies toward claims. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges two causes of action: 1) violations of ERISA, identical to Borg I; and 2) fraudulent misrepresentation regarding the Settlement Agreement reached in Borg I.

Presently before the Court is Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment.

---

[3] (Declaration of Geoffrey Graber in Support of Motion to Dismiss, hereafter, "Graber Decl.," Ex. H, hereafter, "Settlement Agreement," Docket Item No. 10.)

[4] (Graber Decl., Ex. I, hereafter, "Stipulation.")

2

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

Defendants move to dismiss on the grounds that 1) Plaintiff's claims were released under the Settlement Agreement and 2) Plaintiff fails to state a claim for fraud.

**A.    The Borg I Settlement Agreement**

Defendants contend that Plaintiff's First Cause of Action for violations of ERISA is barred by the parties' Settlement Agreement in Borg I.

A settlement agreement is treated as any other contract for purposes of interpretation. Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally. This is true even though the underlying cause of action is

federal." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992) (quoting Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989)); see also Botefur v. City of Eagle Point, Or., 7 F.3d 152, 156 (9th Cir. 1993). Under California law, contracts must be interpreted so as to give effect to the "mutual intention of the parties as it existed at the time of the contracting." Cal. Civ. Code § 1636; see also Victoria. v. Superior Court (Kaiser Foundation Hospital), 40 Cal. 3d 734 (1985). The plain language of a contract governs, if it is clear and specific. Cal. Civ. Code § 1638.

In this case, Plaintiff signed the Settlement Agreement and agreed that upon receipt of the specified payment, Plaintiff:

> does hereby completely and irrevocably release and forever discharge Defendants...from any and all claims and rights (including, without limitation, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature and character, known and unknown) that [Plaintiff] asserted or could have asserted in the Litigation, and any and all other claims and rights arising out of or relating to the subject matter of the Litigation (including, without limitation, rights of set-off and recoupment, demands, actions, obligations, and causes of action of any and every kind, nature and character, known and unknown) that [Plaintiff] may have or could have filed or caused to be filed in any court of law or before any administrative agency, state or federal, prior to the execution of this Agreement.

(Settlement Agreement ¶ 3.) Plaintiff further acknowledged that he:

> may have sustained damages, losses, costs, or expenses which are presently unknown or unsuspected and that such damages, losses, costs, or expenses as may have been sustained may give rise to additional damages, losses, costs, or expenses in the future. [Plaintiff] acknowledges that he has negotiated this Agreement taking into account such presently unsuspected and unknown damages, losses, costs, and expenses and that he hereby expressly waives any and all rights that he may have under Section 1542 of the California Civil Code or under any other state or federal statute or common law principle of similar effect.

(Settlement Agreement ¶ 4.)

The Settlement Agreement was signed on December 20, 2006. (Complaint ¶ 12.) Plaintiff's current Complaint alleges injuries in September 2006. (Complaint ¶ 8.) The Court finds that the plain language of the Settlement Agreement clearly and specifically releases all of Plaintiff's claims against Defendants that existed as of the date of the Settlement Agreement.

In addition, Defendants contend that Plaintiff accepted and cashed the check tendered in settlement. (Motion at 8.) "The theory on which a release is held to bar a recovery is that the

4

plaintiff has accepted payment in satisfaction or in compromise of his right of action, and has released and abandoned his right of action in consideration of the payment received." Pellett v. Sonotone Corp., 26 Cal. 2d 705, 712 (1945). Here, Plaintiff does not dispute this contention and does not allege that he restored to Defendants everything of value which he has received from them under the Settlement Agreement

Accordingly, the Court finds that the settlement agreement performed by Defendants constitutes an accord and satisfaction of Plaintiff's claims. The Court now proceeds to consider whether Plaintiff has adequately alleged fraud as a basis for setting aside the Settlement Agreement.

**B.     Fraudulent Inducement**

Defendants contend that the Complaint fails to meet the particularity requirement of Federal Rule of Civil Procedure 9(b). (Motion at 8.) Defendants also contend that the Court should dismiss Plaintiff's fraud claim with prejudice because Plaintiff can show no set of facts that would entitle him to relief. (Motion at 10.) The Court addresses these contentions in turn.

A settlement agreement may be unenforceable if it is procured by fraud, or if consent was given on the basis of a significant and material mistake. See Merced County Mut. Fire Ins. Co. v. The State of California, 233 Cal. App. 3d 765, 771 (1991). Rule 9(b) of the Federal Rules of Civil Procedure provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." This means that a plaintiff must identify "the circumstances constituting fraud" with sufficient particularity "so that the defendant can prepare an adequate answer." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). To plead circumstances constituting fraud, a plaintiff must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG, LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations and quotations omitted).

With respect to his Second Cause of Action for Fraud, Plaintiff alleges as follows:

> . . . Plaintiff was induced by Defendants' fraud to enter into a settlement agreement with Defendants as to a prior LTD claim. . . . [D]efendants concealed several actions of the

5

procedure used in their analysis and appeal process in rejecting his LTD claim. Plaintiff was also defrauded into signing the agreement because [D]efendants' counsel and agents told him numerous points vis a vis [D]efendants' policies toward claims.

(Complaint ¶ 12.) The above paragraph is the only paragraph in the three-page Complaint that addresses Plaintiff's fraud claim. The Court finds that the above allegations do not meet the particularity requirements of Rule 9(b). First, Plaintiff does not differentiate between the two Defendants, namely, statements made by Target versus statements made by Principal Life. Second, Plaintiff does not provide the specific content of the false representations as well as the identities of the parties to the misrepresentations. Accordingly, the Court finds that Plaintiff has failed to meet the pleading requirements of Rule 9(b).

The Court proceeds to consider whether Plaintiff should be granted leave to amend his fraud claim. When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party must either petition the court for leave to amend or obtain consent from the adverse parties. Fed. R. Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). Leave to amend under Rule 15(a) "shall be freely given when justice so requires." Id.; Keniston, 717 F.2d at 1300. "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

However, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Prejudice to the defendant is the most important factor, but amendment may be denied upon a sufficiently strong showing of the other factors. See Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. The burden of showing prejudice rests on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, Plaintiff contends that he can cure the defect in pleading if granted leave to amend. (Opposition at 2.) While Defendants contend that Plaintiff should not be given leave to amend

6

because no set of facts would entitle Plaintiff to relief, Defendants do not contend that they will be prejudiced if the Court were to grant leave. In light of the Ninth Circuit's liberal application of Rule 15(a) and a lack of showing by Defendants of any prejudice, the Court GRANTS Plaintiff leave to amend his claim for fraud.

### V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss with leave to amend. Plaintiff shall file an Amended Complaint on or before **March 28, 2008.** Plaintiff's Amended Complaint shall be consistent with this Order.

The Court sets a Case Management Conference for **April 14, 2008 at 10 A.M.** Pursuant to the Civil Local Rules of Court, the parties shall meet and confer and file a Joint Case Management Statement on or before **April 4, 2008.**

Dated: February 29, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Lucia Padilla, apadilla@mofo.com
Stanley G. Hilton FROG727@AOL.COM

**Dated: February 29, 2008**              **Richard W. Wieking, Clerk**

                                               **By:  /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California