STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON.
2570 North First Street, Ste. 200
San Jose, California 95131
Tel: (415) 786 4821
Fax: (415) 439 4963

Attorney for Plaintiff
DON BORG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DON BORG, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCIPAL LIFE INSURANCE CO., TARGET CORPORATION and DOES 1 through 20, inclusive, <br><br> Defendants. | No. C 07-03149-JW <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF |

**FRAUD IN THE INDUCEMENT OF SIGNING SETTLEMENT AGREEMENT, REGARDING PLAINTIFF'S ALLEGATIONS OF DEFENDANTS' VIOLATION OF ERISA**

1.  Plaintiff, Don Borg, is a citizen of the U.S. who at all times herein mentioned resides in San Mateo County, California. He is a handicapped individual protected by ERISA.

2.  Defendants, PRINCIPAL INSURANCE CO., and TARGET CORPORATION. are all business entities operating in this county and state and are subject to suit under the ERISA.

3. Defendant TARGET employed plaintiff from on or about June 1, 2001 to March 1, 2006 as a store TEAM LEADER, i.e., manager, in the Mountain View, California store.

4. The aforementioned defendants were the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

5. VENUE: The unlawful practice complained of herein occurred in this district.

6. JURISDICTION is based on Employee Retirement Security Income Act, ("ERISA"), 29 U.S.C. §1001, et seq., and 28 U.S.C. §1331.

7. Plaintiff first became disabled on or about February 6, 2003 but also continued to become more disabled through and after December 20 2006 and became eligible to receive long term disability benefits (LTD) under his policy with defendants.

8. On or about 2004 defendants refused to grant plaintiff LTD status. These actions by defendants and each of them violated the ERISA.

9. On or about December 20, 2006, defendants Target and Principal Life fraudulently induced plaintiff to sign a settlement agreement as to his original ERISA complaint, in the case of Borg vs Target and Principal Life et al, No. C-05-5295, in this court. The fraud was induced by misrepresentations made by both Target and Principal Life and also by material concealment of material facts by both of these defendants. In addition, on or about 12-20-06, plaintiff made a material mistake which induced him to sign the settlement agreement of 12-20-06 ("SA") , and that is sufficient to set aside that agreement. Here we plead the specific facts and circumstances constituting the fraud, and ask the court to set aside the 12-20-06 settlement agreement (SA). The plaintiff signed the SA on 12-20-06 due to a material mistake in the circumstances and was fraudulently induced by Jeff Graber, counsel for defendants Target and Principal Life, who made material misrepresentations at 450 Golden Gate Ave., San Francisco and also at the Morrison Forester offices at 425 Market Street in San Francisco on or about December 20, 2006, and also continuously from on our about Sep. 1 2006 through Dec. 20, 2006. In addition, several Principal Life officials and Target officials in the benefits claims departments made material misrepresentations to plaintiff in that many of these people told the plaintiff, *inter alia*, that the

First Amended Complaint for Damages
Borg v. Principal Life, et al.                    2

1  settlement agreement (SA) he was signing on Dec 20 2006 would only cover  In fact, plaintiff
2  became more disabled to a far greater degree, as a compensable consequence of the actions of
3  defendants, after Dec 20 2006 and thus, the facts of that disability could not have been
4  contemplated by the SA itself at the time the SA was signed on 12-20-06.  It should also be
5  pointed out that plaintiff became more disabled due to the conduct of defendants Target and
6  Principal Life and their counsel, and also it should be pointed out that the plaintiff made a
7  material mistake in misunderstanding the terms of the SA of 12-20-06 in that he was suffering
8  from a certain medical condition and was under the influence of medicines prescribed by his
9  doctors,  which prevented him from fully understanding the nature and extent of the release he
10 was signing in the SA.  The material mistake/misrepresentation ("MMP") concerned the
11 circumstances and rules of Principal Life and Target, pursuant to which plaintiff would be
12 entitled to assert additional disability claims for disabilities that occurred or became exacerbated
13 after his original claim and after that claims was filed.  Specifically, plaintiff believed, and relied
14 on this material mistake/misrepresentation ("MMP")  that he was settling the ERISA claim
15 Against Target and Principal Life ("T-PL") only as to that particular claim (the first disability
16 claim) which had been originally considered by T-PL as part of his original claim, and which was
17 in the "appeal file" for which he had 180 days to appeal.  Thus this MMP led plaintiff to believe,
18 at the time he signed the SA on 12-20-06,  that he still had open his subsequent disability claims
19 and that he could file ERISA  lawsuits based upon these additional and subsequent claims
20 because and while he was still employed by Target and covered by Principal Life for LTD when
21 the subsequent injuries/disabilities occurred.  He is thus entitled to get out of the SA and have
22 rescission, based on this MMP. Plaintiff seeks declaratory relief in the form of an order declaring
23 that the SA of 12-20-06 is invalid and was induced by MMP. Defendants Target and Principal
24 Life made material misrepresentations both verbally and in writing, on or about Dec. 20, 2008,
25 by the persons and at the addresses above indicated, regarding the criteria and parameters for
26 plaintiff to submit a valid disability claim.  These material misrepresentations led to material
27 mistake and misunderstanding between the parties, in that plaintiff believed that he could
28 continue to submit claims for injuries and disabilities that occurred after his initial claim, while

1  he was still an employee of Target, yet apparently defendants did not really believe this, yet their
2  written and verbal representations led to this MMP. Although Target and Principal Life are
3  separate parties, they were represented by the same lawyer and law firm in the earlier case, Jeff
4  Graber and Morrison and Foerster, and hence the statements above attributable to each of these
5  defendants via their lawyer must be attributable to both defendants. Surely, when two defendants
6  have the exact same lawyer and file the same joint statements and documents and act in concert
7  in every material way in the prior litigation, the materially fraudulent/mistake statements must be
8  attributable to both defendants via a common spokesman, agent and representative. In addition,
9  as stated supra, plaintiff spoke on the phone to numerous representatives of both Target and
10 Principal Life. It is also averred here that defendant Principal Life applied to plaintiff's case a
11 general fraudulent practice of "rote" denial of LTD claims when those claims were presented, not
12 only by plaintiff himself but by millions or thousands of other policyholders throughout the
13 world, during the time frame mentioned herein. We point to Principal Life's generally fraudulent
14 "rote LTD claims denial" practices, whereby Principal Life routinely promised LTD benefits
15 based on the criteria stated in the policy rules, and then routinely denied LTD claims when
16 presented pursuant to such rules in the policies. Plaintiff is informed and believes that many other
17 people field suit against Principal Life for such fraudulent claims practices. Thus he avers that
18 inducing his consent to the 12-20-06 SA, Principal Life misled him just as it misled so many
19 others.

20   10.    As a proximate result of defendants' conduct as explained above, plaintiff has been
21 damaged financially and emotionally, has suffered pain, has lost income and other benefits,
22 health insurance, life insurance, pension plan, has suffered depression, and has incurred great
23 expenses, and other health, employment and career benefits, as well as lost potential income
24 earning ability, all to his detriment in a sum according to proof.

25   11.    The foregoing conduct of defendants, and each of them, was at all material times
26 malicious and intentional, and entitles plaintiff to an award of punitive damages. Also plaintiff
27 requests an award of attorney fees under DFEH statute, as the prevailing party. (Sec. 12965(b),
28 Cal. Government Code)

1  WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## 2nd CAUSE OF ACTION

(BREACH OF CONTRACT)

12. The allegations of paragraphs 1 through 11 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

13. Plaintiff was hired by defendants and each of them, on or about July 2001, and worked there until he was disabled on or about 2/7/03. Plaintiff entered into a written contract for LTD insurance with defendants in 2001. Also, on or about Dec. 20 2006, Principal Life fraudulently induced plaintiff to sign a settlement agreement (SA) which he signed based on their MMP and Target's MMP. Plaintiff maintains that he should be allowed out of that SA at this time. Plaintiff also maintains that defendant breached said SA of 12-20-06 by maintaining since 12-20-06, that plaintiff had no right to submit additional claims for subsequent injuries and disabilities subsequent to 12-20-06.

14. During the entire course of plaintiff's employment with defendants, plaintiff performed all of the job duties required of him.

15. These contract were evidenced by various written documents, oral representations to plaintiff by defendants' agents and employees.

16. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations as listed in the foregoing paragraphs, led plaintiff throughout his employment with defendants to reasonably believe that if plaintiff became disabled he would reap LTD benefits.

17. Plaintiff undertook and continued employment with defendants and duly performed all the conditions of the contract to be performed by him. Plaintiff has at all times been ready, willing and able to perform and has offered to perform all the conditions of this contract to be performed by him.

18. Despite the representations made to plaintiff and the reliance he placed on them, defendants materially breached said contract and failed to carry out their responsibilities under the terms of the employment contract by refusing to pay plaintiff any long term disability

payments, despite the fact that plaintiff provided defendants them with evidence of doctors that he was in fact so disabled and could not do the job of team leader.

19. Defendants further breached the aforementioned contract by engaging in a course of conduct with the intent and effect of making plaintiff's work environment burdensome, oppressive and dangerous.

20. As a proximate result of defendants' breach of the total employment contract, plaintiff has suffered and continues to suffer losses in LTD benefits, all to his damage in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter set forth.

### 3RD CAUSE OF ACTION: BAD FAITH INSURANCE DENIAL OF BENEFITS

21. The allegations of paragraphs 1 through 20 are realleged and incorporated herein by reference. This cause of action is pled against each and every defendant.

22. On or about July 2001, plaintiff entered into an insurance disability contract with defendant PRINCIPAL LIFE INSURANCE CO., under which PRINCIPAL agreed to pay plaintiff long term and short term disability payments if plaintiff became disabled and could prove it by medical records.

23. Plaintiff performed all conditions under said contract and paid premiums to PRINCIPAL for this policy from July 2001 through PRESENT, and he became permanently disabled on or about FEB. 7, 2005. He filed a claim for long term disability benefits with defendants on or about June 2003. He gave PRINCIPAL his medical records and authorized his medical providers to release all of his medical information to PRINCIPAL.

24. Defendants acted in bad faith in denying plaintiff any disability payments, despite his evidence and claim. They unreasonably denied the claim on or about March 2005, without any justification whatsoever. Also, on or about Dec. 20 2006, Principal Life fraudulently induced plaintiff to sign a settlement agreement (SA) which he signed based on their MMP and Target's MMP. Plaintiff maintains that he should be allowed out of that SA at this time. Plaintiff also maintains that defendant breached said SA of 12-20-06 by maintaining since 12-20-06, that plaintiff had no right to submit additional claims for subsequent injuries and disabilities

1  subsequent to 12-20-06.

2  25. As a proximate result of defendants' breach of the said contract of insurance, plaintiff
3  lost disability payments to which he is entitled.

4  26. Defendants' actions in bad faith and unreasonable denial of disability benefits to
5  plaintiff were malicious and in bad faith and in reckless disregard of the rights and safety of
6  plaintiff. Therefore, punitive damages and triple (treble) damages are demanded in an amount
7  according to proof, and also treble damages are demanded in an amount according to proof.

**PRAYER FOR RELIEF**

9  WHEREFORE, plaintiff prays for judgment against defendants, and each of them, for each
10 cause of action above alleged, as follows:

11  1. For back pay, future pay, lost income, and other monetary relief, in a sum according
12 to proof;

13  2. For all lost employee benefits.

14  3. For general damages for physical and emotional pain and suffering sustained by
15 plaintiff, in a sum according to proof;

16  4. For special damages for plaintiff's lost LTD benefits from 2/7/05 to life.

17  5. For punitive damages in an amount appropriate;

18  6. For treble (triple) damages against PRINCIPAL for bad faith denial of disability
19 benefits to plaintiff;

20  7. For interest on the sum of damages awarded, calculated from 2/7/05 to the date of
21 judgment;

22  8. For reasonable attorney's fees;

23  9. For an order declaring that the 12-20-06 settlement agreement with defendants does
24 not ban plaintiff from pursuing further claims, and declaring that it was obtained by MMP;

25  10. For costs of suit herein incurred; and

26  11. For such other and further relief as this Court deems fair, just and equitable.

28 Dated: MARCH 28 2008

        Respectfully submitted,

        **Stanley G Hilton**

_____
Stanley G. Hilton
Attorney for Plaintiff