1    ANGELA L. PADILLA (CA SBN 154863)
     EVA K. SCHUELLER (CA SBN 237886)
2    APadilla@mofo.com
     MORRISON & FOERSTER LLP
3    425 Market Street
     San Francisco, California  94105-2482
4    Telephone: 415.268.7000
     Facsimile: 415.268.7522
5    Email:  APadilla@mofo.com

6    Attorneys for Defendants
     PRINCIPAL LIFE INSURANCE CO. AND
7    TARGET CORPORATION

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12   DON BORG,                              Case No.    C-07-03149-JW

13                Plaintiff,                [Hon. James Ware]

14         v.                              **JOINT CASE MANAGEMENT
                                           CONFERENCE STATEMENT**
15   PRINCIPAL LIFE INSURANCE CO.,
     TARGET CORPORATION, and DOES 1        Date:       April 14, 2008
16   through 20, inclusive,                Time:       10:00 A.M.
                                           Location:   Courtroom 8
17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
 CASE NO.  CV 07-03149 JW
sf-2492393

1    Plaintiff Don Borg ("Plaintiff") and Defendants Target Corporation ("Target") and

2   Principal Life Insurance Company ("Principal Life") submit this Joint Case Management

3   Statement pursuant to L.R. 16-9.

4    1.    Jurisdiction and Service.  Defendants have been served with Plaintiff's First

5   Amended Complaint.  Jurisdiction arises under the Employee Retirement Income Security Act of

6   1974 ("ERISA").  Although Plaintiff's Amended Complaint has dropped his ERISA allegation,

7   Defendants assert that Plaintiff's claims for breach of contract and bad faith denial of insurance

8   benefits are clearly preempted by ERISA, thus giving rise to federal jurisdiction.

9    2.    Facts:  As this Court's February 29, 2008 Order granting Defendants' Motion to

10  Dismiss states, this action involves an attempt by Plaintiff to reassert ERISA claims against

11  Defendants which were previously settled.

12   In 2005, Plaintiff filed an action in this Court against Defendants, seeking long-term

13  disability ("LTD") benefits under Defendant Target's employee welfare benefit plan.  After

14  discovery, and after Defendants filed a motion for summary judgment, Plaintiff agreed to settle

15  that action.  On December 19, 2006, Plaintiff and his counsel signed a settlement agreement, and

16  in exchange, Defendants paid Plaintiff an agreed-upon sum.

17   On June 14, 2007, Plaintiff reasserted his claim for LTD benefits against Defendants.

18  Specifically, Plaintiff alleged that Defendants violated ERISA by denying his claim for LTD

19  benefits, and that he was fraudulently induced to sign the settlement agreement.  Defendants filed

20  a Motion to Dismiss, or in the alternative for Summary Judgment of, Plaintiff's reasserted claims

21  on August 16, 2007.

22   On February 29, 2008, this Court granted Defendants' Motion, stating that "the plain

23  language of the Settlement Agreement clearly and specifically releases all of Plaintiff's claims

24  against Defendants that existed as of the date of the Settlement Agreement."  (February 29, 2008

25  Order Granting Defendants' Motion to Dismiss ("Order") at 4.)  The Court also noted that

26  Plaintiff had accepted payment under the Settlement Agreement and that therefore, "the

27  settlement agreement performed by Defendants constitutes an accord and satisfaction of

28  Plaintiff's claims."  (Order at 5.)

1    As to the fraud allegation, the Court held that Plaintiff had failed to meet the particularity

2    requirement of Federal Rule of Civil Procedure 9(b).  Specifically, the Court held that Plaintiff

3    did not "provide the specific content of the false representations" allegedly made by Defendants.

4    (Order at 6.)  Nevertheless, because Plaintiff asserted he could cure the defect in pleading, the

5    Court allowed Plaintiff leave to amend.  Plaintiff filed his First Amended Complaint on

6    March 28, 2008.

7    3.    Legal Issues:  The only legal issue is whether Plaintiff's amended complaint now

8    meets the particularity requirement for pleading fraud under Rule 9(b).  Plaintiff's breach of

9    contract and bad faith denial of insurance benefits claims arose prior to December 2006 and are

10    thus both encompassed by the settlement agreement, as this Court has already held.

11    4.    Motions:  There are no motions pending at this time.  Defendants plan to file a

12    Motion for Summary Judgment in lieu of an Answer on Monday, April 7, 2008.  Defendants also

13    plan to file a Motion for Rule 11 Sanctions.

14    5.    Amendment of Pleadings:  Plaintiff has already been given the opportunity to

15    amend.  Further requests to amend will be opposed by Defendants as futile and vexatious.

16    6.    Evidence Preservation:  Since the inception of this lawsuit, Defendants have taken

17    steps to properly preserve relevant evidence.

18    7.    Disclosures:  Defendants intend to make timely and appropriate Rule 26(a)(1)

19    disclosures should they become necessary.

20    8.    Discovery:  No discovery is necessary under the circumstances of this case.

21    9.    Class Actions:  Not applicable.

22    10.    Related Cases:  Not applicable.

23    11.    Relief:  Defendants contend that Plaintiff is not entitled to any relief.

24    12.    Settlement and ADR:  Defendants are not amenable to mediation or assignment to

25    magistrate for settlement conference.  Plaintiff requests a settlement conference.

26    13.    Consent to Magistrate Judge For All Purposes:  The parties request that the

27    Honorable Judge Ware continue to conduct all further proceedings in this litigation.

28

1    14.    <u>Other References</u>:  Defendants do not believe this case is suitable for reference to

2    binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

3    15.    <u>Narrowing of Issues</u>:  None at this time.

4    16.    <u>Expedited Schedule</u>:  Not applicable.

5    17.    <u>Scheduling</u>:  Defendants request that all scheduling take place after the Court has

6    ruled on Defendants' Motion for Summary Judgment, to be filed Monday, April 7, 2008.

7    18.    <u>Trial</u>:  Plaintiff has demanded a jury trial.

8    19.    <u>Disclosure of Non-party Interested Entities or Persons</u>:  Defendants will file the

9    disclosures as required.

10

11    Dated:  April 4, 2008                    STANLEY G. HILTON

12

13                                        By:    /s/  Stanley G. Hilton [e-filing signature]
                                               Stanley G. Hilton

14                                             Attorney for Plaintiff
                                               DONALD BORG

15

16

17    Dated:  April 4, 2008                    ANGELA L. PADILLA
                                               EVA K. SCHUELLER

18                                             MORRISON & FOERSTER LLP

19

20                                        By:    /s/  Angela L. Padilla [e-filing signature]
                                               Angela L. Padilla

21                                             Attorneys for Defendants
                                               TARGET CORPORATION AND

22                                             PRINCIPAL LIFE INSURANCE CO.

23

24    I, Angela L. Padilla, am the ECF User whose ID and password are being used to file this
      Stipulation. In compliance with General Order 45, X.B., I hereby attest that Stanley G.

25    Hilton has concurred in this filing.

26                                        By:    /s/  Angela L. Padilla [e-filing signature]
                                               Angela L. Padilla

27

28