1   ANGELA L. PADILLA (CA SBN 154863)
    EVA K. SCHUELLER (CA SBN 237886)
2   APadilla@mofo.com
    MORRISON & FOERSTER LLP
3   425 Market Street
    San Francisco, California  94105-2482
4   Telephone: 415.268.7000
    Facsimile: 415.268.7522
5
    Attorneys for Defendants
6   PRINCIPAL LIFE INSURANCE CO. and
    TARGET CORPORATION
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  DON BORG,                              Case No.    C-07-03149-JW

13              Plaintiff,                 [Hon. James Ware]

14       v.                               **NOTICE OF MOTION AND
                                          MOTION TO DISMISS OR, IN THE
15  PRINCIPAL LIFE INSURANCE CO.,          ALTERNATIVE, FOR SUMMARY
    TARGET CORPORATION, and DOES 1         JUDGMENT**
16  through 20, inclusive,
                                           Date:  June 9, 2008
17              Defendants.
                                           Time:  9:00 a.m.
18
                                           Location:  Courtroom 8
19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

Page

3  TABLE OF AUTHORITIES.................................................................................................ii

4  NOTICE OF MOTION ...................................................................................................... 1

5  INTRODUCTION .............................................................................................................. 2

6  STATEMENT OF THE ISSUE .......................................................................................... 3

7  STATEMENT OF FACTS ................................................................................................. 3

8        A.     *Borg I*........................................................................................................... 3

9        B.     *Borg II* – the Present Action ................................................................... 5

10  LEGAL STANDARD ......................................................................................................... 6

11  ARGUMENT ...................................................................................................................... 7

12  I.      PLAINTIFF'S FRAUD CLAIM IS NOT STATED WITH
     PARTICULARITY, AS REQUIRED UNDER FED. R. CIV. P. 9(B) ............................... 7

13

14  II.     COUNTS II AND III ARE PRE-EMPTED BY ERISA, AND MUST BE
     DISMISSED CONSISTENT WITH THE COURT'S FEBRUARY 29
     ORDER ................................................................................................................... 11

15

16        A.     ERISA Preempts Plaintiff's State Law Claims Seeking Recovery of
     LTD Benefits.................................................................................................. 11

17        B.     Plaintiff's Claims for LTD Benefits Were Subject to the
     December 20, 2006, Settlement Agreement and Were Released

18               Thereunder...................................................................................................... 12

19  CONCLUSION ................................................................................................................... 13

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**CASES**

Page(s)

3

4

*Adams v. Johnson,*
 355 F.3d 1179 (9th Cir. 2004) ................................................................. 6

5

*Anderson v. Liberty Lobby, Inc.,*
 477 U.S. 242 (1986) ................................................................................ 7

6

7

*Ashley v. Corona,*
 1993 WL 181377 (N.D. Cal. May 25, 1993) ......................................... 13

8

9

*Bast v. Prudential Ins. Co. of Am.,*
 150 F.3d 1003 (9th Cir. 1998) .......................................................... 11, 12

10

*Bly-Magee v. California,*
 236 F.3d 1014 (9th Cir. 2001) ............................................................... 7

11

12

*Celotex Corp. v. Catrett,*
 477 U.S. 317 (1986) ............................................................................... 7

13

14

*Cooper v. Pickett,*
 137 F.3d 616 (9th Cir. 1997) ................................................................. 7

15

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,*
 416 F.3d 940 (9th Cir. 2005) ................................................................. 6

16

*Orlando v. Carolina Casualty Ins. Co.,*
 2007 WL 781598 (E.D. Cal. Mar. 13, 2007) ........................................ 9

17

18

*Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan,*
 662 F.2d 641 (9th Cir. 1981) ................................................................. 6

19

20

*Schiff v. City & County of San Francisco,*
 2007 WL 2023501 (N.D. Cal. July 12, 2007) ...................................... 9

21

22

*Swartz v. KPMG LLP,*
 476 F.3d 756 (9th Cir. 2007) ................................................................. 7

23

24

*Tingey v. Pixley-Richards West, Inc.,*
 953 F.2d 1124 (9th Cir. 1992) ............................................................. 12

25

*Vess v. Ciba-Geigy Corp. USA,*
 317 F.3d 1097 (9th Cir. 2003) ............................................................... 7

26

27

*Wilhelm v. Pray, Price, Williams & Russell,*
 186 Cal. App. 3d 1324 (1986) ............................................................. 10

28

# STATUTES AND RULES

29 U.S.C.
    § 1144(a) ................................................................................................................... 11

Cal. Civil. Code
    § 1556 ...................................................................................................................... 10

Cal. Prob. Code
    § 810(a) .................................................................................................................... 10

Employee Retirement Income Security Act of 1974 ("ERISA") .......................................... *passim*

Fed. R. Civ. P.
    9(b) ......................................................................................................................... *passim*
    12(b)(6) ................................................................................................................ 1, 3, 6
    56(c) ........................................................................................................................ 1, 6

# OTHER AUTHORITIES

Witkin, Summary Cal. Law Contracts
    §§25, 51 (10th Ed. 2005.) ............................................................................................ 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on June 9, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the United States District Court for the Northern District of California located at 280 South 1st Street, San Jose, CA 95113, the Honorable James Ware presiding, Defendants Principal Life Insurance Company and Target Corporation (collectively "Defendants") will, and hereby do, move this Court for an order dismissing the Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56.

This motion is made on the grounds that the Complaint fails to state a claim, that there is no triable issue of fact, and that the parties' settlement of a case previously before this Court, *Borg v. Principal Life Ins. Co. et al.*, Case No. CV 05-05295 HRL (N.D. Cal.), was a valid and enforceable agreement, by which Plaintiff released the claims he purports to pursue in the present action, as held by this Court in its Order granting Defendants' earlier Motion to Dismiss. (*See* Order Granting Motion to Dismiss, Dkt. 31, February 29, 2008.)

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other and further evidence and argument as may be presented at the hearing on the motion.

1

## INTRODUCTION

2    In 2005, Plaintiff Donald Borg ("Plaintiff") filed an action in this Court against his former

3    employer, Target Corporation ("Target"), and the third-party administrator of Target's disability

4    plan, Principal Life Insurance Company ("Principal Life"), seeking long-term disability ("LTD")

5    benefits under Target's employee welfare benefit plan.  That case was captioned *Borg v.*

6    *Principal Life Ins. Co. and Target Corp.*, Case No. CV 05-05295 HRL (N.D. Cal.), and will be

7    referred to hereinafter as "*Borg I*."  After discovery, and after Principal Life and Target filed a

8    motion for summary judgment, Plaintiff agreed to settle *Borg I*.  On December 20, 2006, Plaintiff

9    and his counsel signed the *Borg I* settlement agreement, and in exchange, Target and Principal

10   Life paid Plaintiff an agreed-upon sum.

11   On June 14, 2007, Plaintiff reasserted his claim for LTD benefits against Principal Life

12   and Target.  (Complaint, Dkt. 1, June 14, 2007 ("Compl.").)  Specifically, Plaintiff's first cause of

13   action alleged that Defendants violated the Employee Retirement Income Security Act of 1974

14   ("ERISA") by denying his claim for LTD benefits.  In addition, recognizing that he settled his

15   claims for LTD benefits in *Borg I*, Plaintiff asserted a second cause of action, alleging that he was

16   fraudulently induced to settle *Borg I*.

17   Defendants filed a Motion to Dismiss, or in the alternative for Summary Judgment of,

18   Plaintiff's reasserted claims on August 16, 2007.  (Defendants' Motion to Dismiss, Dkt. 8,

19   August 16, 2007 ("Defs. Mot.").)  On February 29, 2008, this Court granted Defendants' Motion,

20   holding that any claims Plaintiff may have against Defendants that existed as of the date of

21   Settlement Agreement were clearly and specifically released under the Agreement.  (*See* Order

22   Granting Motion to Dismiss, Dkt. 31, February 29, 2008 ("Order"), at 4.)  As to Plaintiff's

23   unfounded fraud allegation, the Court held that Plaintiff had failed to meet the particularity

24   requirement of Rule 9(b).  (Order at 6.)  Nevertheless, in part because Plaintiff asserted he could

25   cure the defect in pleading, the Court allowed Plaintiff leave to amend to properly allege his fraud

26   claim.  Plaintiff filed his Amended Complaint on March 28, 2008.  (First Amended Complaint,

27   Dkt. 35, filed March 28, 2008 ("Am. Compl.").)

28

1    Plaintiff's Amended Complaint still fails to state a claim upon which relief may be

2   granted.  Plaintiff has come no closer to pleading fraud with particularity, as required under

3   Rule 9(b).  Furthermore, the fraud allegations that Plaintiff does set forth still do not support his

4   claim of fraudulent inducement.  Finally, Plaintiff has agreed that no discovery is necessary.

5   (Joint Case Management Statement, ¶ 8, Dkt. 36, filed April 4, 2008.)  Accordingly, Plaintiff's

6   Amended Complaint fails to state a claim, and should be dismissed under Rule 12(b)(6) or

7   summarily judged in Defendants' favor.

8                              **STATEMENT OF THE ISSUE**

9    The only issue for the Court is whether Plaintiff's Amended Complaint now meets

10   Rule 9(b)'s requirements for pleading fraud with particularity.

11                              **STATEMENT OF FACTS**

12   The background facts up through Defendants' earlier Motion to Dismiss have not

13   changed.

14       **A.    *Borg I***

15    In December 2005, Plaintiff filed with this Court and served on Principal Life a complaint

16   alleging that Principal Life had violated ERISA by denying Plaintiff's claim for LTD benefits.

17   (*See* Declaration of Geoffrey Graber in Support of Motion to Dismiss,[1] August 16, 2007, Dkt. 10

18   ("Graber Decl."), at ¶ 3; *see also Borg v. Principal Life Ins. Co. et al.*, Case No. C 05-05295

19   (N.D. Cal.).)  Plaintiff later amended his complaint in *Borg I* to include Target as a defendant.

20   (Graber Decl. ¶ 3.)  The parties in *Borg I* conducted discovery, during the course of which

21   Defendants produced to Plaintiff the Administrative Record relating to his LTD claim.  (*Id.* ¶ 4.)

22    Following discovery, the parties in *Borg I* participated in a mediation, presided over by

23   Michael E. Dickstein.  (*Id.* ¶ 5.)  The mediation session itself, which took place on August 18,

24   2006, did not end in a settlement.  (*Id.*)  According to Dickstein, one of Plaintiff's sticking points

25   in the mediation was his belief that as of that time (that is, summer 2006), he had additional LTD

26   ─────────────────
    [1] Geoffrey Graber's Declaration was filed partially under seal with Defendants' earlier
27   Motion to Dismiss.  Defendants have included a courtesy copy of that declaration with this
    Motion, for the Court's convenience.

28

1    claims against Target and Principal Life that he sought to assert, and he wanted to know whether

2    Target had continued paying premiums to extend his disability coverage.  (*Id.*)  Target and

3    Principal responded to this assertion, through Dickstein, by pointing out that under the terms of

4    Target's LTD plan, disability coverage ends at the same time a plan participant's employment at

5    Target ends.  (*Id.*)  Counsel for Target and Principal even provided Dickstein with a copy of the

6    relevant page of Target's LTD plan, to establish this point.  (*Id.*)

7        Though the August 18, 2006, mediation did not result in a settlement, Dickstein continued

8    to facilitate settlement communications between the parties.  (*Id.* ¶ 6.)  As the parties were

9    continuing to discuss a potential settlement, Defendants prepared a motion for summary

10    judgment, which they served and filed on November 14, 2006.  (*Id.* ¶ 6 and Ex. A.)  The Court

11    provided the parties with a hearing date of December 19, 2006.  (*Id.* ¶ 6.)

12        The very next day, on November 15, 2006, Plaintiff's counsel sent Defendants' counsel an

13    e-mail indicating that Plaintiff wished to settle immediately.  (*Id.* ¶ 7 and Ex. B.)  Two days later,

14    on November 17, 2006, Dickstein reported to counsel for the parties that they had reached a

15    settlement.  (*Id.* ¶ 8.)  As Dickstein indicated in an e-mail to counsel, "you have both accepted the

16    mediator's proposal, on behalf of your clients."  (*Id.* ¶ 8 and Ex. C.)  Defendants' counsel thus

17    prepared a Settlement Agreement and Stipulation for Dismissal, which he sent to Plaintiff's

18    counsel on November 21, 2006.  (*Id.* ¶ 9 and Ex. D.)  Plaintiff's counsel then requested that

19    Defendants immediately withdraw their motion for summary judgment, which Defendants'

20    counsel indicated he would do as soon as Plaintiff's counsel confirmed that Plaintiff agreed with

21    the terms of the proposed Settlement Agreement.  (*Id.* ¶ 10.)  Plaintiff's counsel responded as

22    follows:  "YES, BORG AGREES TO ALL THE TERMS IN THE SETTLEMENT

23    AGREEMENT.  YOU GOT MY WORD FOR THIS.  PLEASE TAKE MSJ OFF CALENDAR."

24    (*Id.* ¶ 10 and Ex. E.)

25        Despite Plaintiff's counsel's representation that Plaintiff had agreed to all the terms of the

26    Settlement Agreement, Defendants' counsel learned on December 16, 2006, that Plaintiff was

27    unwilling to sign the Settlement Agreement.  (*Id.* ¶ 11.)  Communicating through Dickstein,

28    Plaintiff indicated that he now wanted to carve out of the settlement any subsequent LTD claims

1    he believed he had against Defendants or, in the alternative, secure additional compensation for a

2    full release of these claims.  (*Id.*)  Defendants' counsel responded directly to Plaintiff's counsel

3    by e-mail dated December 16, 2006, and stated that Defendants "will not engage in any further

4    negotiations regarding the terms of the settlement to which Plaintiff has already agreed."  (*Id.*

5    ¶ 12 and Ex. F.)

6        Plaintiff's counsel responded that same day to Defendants' counsel, indicating that Borg

7    had not refused to sign the Settlement Agreement, but simply had further questions:

8            HE JUST WANTED CLARIFICATION ON HIS 4 OTHER
             CLAIMS FROM SEP 06.  ARE THEY OUT TOO WITH THIS
9            OR ION [sic]?  IS [sic] YOUR CLIENTS WILLING TO
             EXCLUDE THESE FROM THE AGREEMENT?  THIS IS JUST
10           A QUESTION, NOT AN ATTEMOPT [sic] TO GET OUT OF
             THE K.
11

12   (*Id.* ¶ 13 and Ex. G.)  Defendants' counsel reiterated that neither Target nor Principal Life were

13   willing to carve these claims out of the Settlement Agreement, nor were they willing to pay

14   additional consideration for these claims.  (*Id.* ¶ 14.)

15       On December 20, 2006, Plaintiff signed the Settlement Agreement.  (*Id.* ¶ 15 and Ex. I.)

16   The Court then signed off on the parties' Stipulation of Dismissal on December 27, 2006.  (*Id.*

17   ¶ 16 and Ex. J.)

18       **B.    *Borg II* – the Present Action**

19       About six months after *Borg I* was dismissed, Plaintiff filed the present action (referred to

20   for simplicity as "*Borg II*").  In his first cause of action in *Borg II*, Plaintiff asserted that Principal

21   Life and Target violated ERISA by denying his claim for LTD benefits.  (Compl. ¶¶ 1-10.)

22   Plaintiff also asserted that he was fraudulently induced to settle *Borg I*.  Specifically, Plaintiff

23   alleged that he was "fraudulently induced because, inter alia, defendants concealed several

24   actions of the procedure used in their analysis and appeal process in rejecting his LTD claim" and

25   that "defendants' counsel and agents told him numerous points vis-a-vis defendants' policies

26   toward claims."  (Compl. ¶12.)   Defendants filed a Motion to Dismiss, or in the alternative for

27   Summary Judgment of, Plaintiff's reasserted claims on August 16, 2007.  (Defs. Mot., Dkt. 8.)

28

1    On February 29, 2008, this Court granted Defendants' Motion, stating that "the plain

2    language of the Settlement Agreement clearly and specifically releases all of Plaintiff's claims

3    against Defendants that existed as of the date of the Settlement Agreement." (Order at 4.) The

4    Court also noted that Plaintiff had accepted payment under the settlement agreement and that

5    therefore, "the settlement agreement performed by Defendants constitutes an accord and

6    satisfaction of Plaintiff's claims." (Order at 5.)

7    Finally, the Court held that Plaintiff had failed to meet the particularity requirement of

8    Rule 9(b). Specifically, the Court held that Plaintiff did not "provide the specific content of the

9    false representations as well as the identities of the parties to the misrepresentations" allegedly

10   made by Defendants. (Order at 6.) The Court nevertheless gave Plaintiff leave to amend his

11   complaint, solely to "amend his claim for fraud" to meet the pleading requirements of Rule 9(b).

12   (*See* Order at 6–7.) Plaintiff's Amended Complaint, filed on March 28, 2008, comes no closer to

13   meeting Rule 9(b) requirements for pleading fraud, and instead again attempts to reassert claims

14   which this Court has already ruled were settled and released.

15                                   **LEGAL STANDARD**

16   On a motion to dismiss under Rule 12(b)(6), dismissal is warranted "if it appears beyond

17   doubt that the non-movant can prove no set of facts to support its claims." *Adams v. Johnson*,

18   355 F.3d 1179, 1183 (9th Cir. 2004). "All allegations and reasonable inferences are taken as true,

19   and the allegations are construed in the light most favorable to the non-moving party, but

20   conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

21   dismiss." *Id.* (quotations omitted). A complaint may be dismissed without leave to amend, if "it

22   is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v.*

23   *Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

24   To the extent that the Court relies on information outside the Complaint in ruling on

25   Defendants' motion, the motion may be converted into a motion for summary judgment.

26   *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).

27   On a motion for summary judgment, the moving party bears the initial burden to show that there

28   is "no genuine issue as to any material fact and that the movant party is entitled to judgment as a

1  matter of law." Fed. R. Civ. P. 56(c).  Where the moving party is the defendant, the moving party

2  may meet its burden by showing that no triable issue of fact exists as to each element of whatever

3  affirmative defenses it has asserted.  To do so, defendant need not disprove plaintiff's claims, but

4  rather must come forward with portions of the file and, where appropriate, declarations that

5  demonstrate the absence of any real issue of fact as to one or more elements essential to support

6  such claims.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).  The burden then

7  shifts to the non-moving party to go beyond pleadings and "designate 'specific facts showing that

8  there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting

9  Fed. R. Civ. Proc. 56(e)).

10                                                  **ARGUMENT**

11  **I.     PLAINTIFF'S FRAUD CLAIM IS NOT STATED WITH PARTICULARITY, AS**
          **REQUIRED UNDER FED. R. CIV. P. 9(B)**
12

13          Under Rule 9(b), allegations of fraud "must be 'specific enough to give defendants notice

14  of the particular misconduct which is alleged to constitute the fraud charged so that they can

15  defend against the charge and not just deny that they have done anything wrong.'"  *Bly-Magee v.*

16  *California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Fed. R. Civ. Proc. 9(b)).  This means

17  that allegations of fraud should include "an account of 'the time, place, and specific content of the

18  false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz v.*

19  *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Fed. R. Civ. Proc. 9(b)); *see also*

20  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must identify the "who,

21  what, when, where, and how" of the fraud) (internal quotation omitted).  Put another way, a

22  plaintiff "must set forth what is false or misleading about a statement, and why it is false."

23  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

24  In addition, where there are multiple defendants (as here), Rule 9(b) requires that the plaintiff

25  "inform each defendant separately of the allegations surrounding his alleged participation in the

26  fraud." *Swartz*, 476 F.3d at 764-65 (internal quotation omitted).

27          Plaintiff's Amended Complaint comes nowhere close to meeting this standard.  The sum

28  total of Plaintiff's fraud allegations are the following:

- "The plaintiff signed the SA on 12-20-06 due to a material mistake in the circumstances and was fraudulently induced by Jeff [sic] Graber, counsel for defendants Target and Principal Life, who made material misrepresentations at 450 Golden Gate Ave., San Francisco and also at the Morrison Forester offices at 425 Market Street in San Francisco on or about December 20, 2006, and also continuously from on our [sic] about Sep. 1 2006 through Dec. 20, 2006." (Am. Compl. ¶ 9.)

- "In addition, several Principal Life officials and Target officials in the benefits claims departments made material misrepresentations to plaintiff in that many of these people told the plaintiff, inter alia, that the settlement agreement (SA) he was signing on Dec 20 2006 would only cover [sic]" (*Id.*)

- "The material mistake/misrepresentation ('MMP') concerned the circumstances and rules of Principal Life and Target, pursuant to which plaintiff would be entitled to assert additional disability claims for disabilities that occurred or became exacerbated after his original claim and after that claims was filed. Specifically, plaintiff believed, and relied on this material mistake/misrepresentation ('MMP') that he was settling the ERISA claim Against Target and Principal Life ("T-PL") only as to that particular claim (the first disability claim) which had been originally considered by T-PL as part of his original claim, and which was in the 'appeal file' for which he had 180 days to appeal. Thus this MMP led plaintiff to believe, at the time he signed the SA on 12-20-06, that he still had open his subsequent disability claims and that he could file ERISA lawsuits based upon these additional and subsequent claims because and while he was still employed by Target and covered by Principal Life for LTD when the subsequent injuries/disabilities occurred." (*Id.*)

- "Defendants Target and Principal Life made material misrepresentations both verbally and in writing, on or about Dec. 20, 2008 [sic], by the persons and at the addresses above indicated, regarding the criteria and parameters for plaintiff to submit a valid disability claim." (*Id.*)

These allegations fail to meet the requirements of Rule 9(b). There is no indication as to the substance of what was said (or concealed) or why any such statements or omissions constituted fraud. The only indication of the content of the allegedly fraudulent statements is that they somehow involved Defendants' "circumstances and rules" or "criteria and parameters." (Am. Compl. ¶ 9.) As for the who, where and when requirements under Rule 9(b), Plaintiff merely attempts to identify Defendants' counsel by name and address, repeatedly invokes the settlement agreement's signature date, and makes an oblique reference to "several" unidentified "Principal Life officials and Target officials." (*Id.* at ¶ 9.) Plaintiff's amended complaint appears to have even *less* specificity than his original complaint.

Of course, Plaintiff and his counsel were well aware—before they even signed the settlement agreement—that Plaintiff would be releasing his September 2006 disability claims by

1    accepting the settlement agreement. (*See* Graber Decl. ¶¶ 7-16, Exs. B-I). Moreover, the express

2    terms of the agreement preclude Plaintiff's fraud allegations. Paragraph 5 reads as follows:

3         The parties acknowledge that each has been represented in negotiations for, and the
          preparation of, this Agreement by counsel of their own choosing, that each has read this
4         Agreement or has had it read to them and explained by counsel, that each understands and
          is fully aware of its contents and of its legal effect, and that each is voluntarily entering
5         into this Agreement upon the legal advice of their counsel.

6    (Graber Decl., Ex. H at ¶ 5.) And Paragraph 6 reads:

7         The parties represent and acknowledge that in executing this Agreement, they do not rely
          and have not relied upon any representations or statements made by the other party or
8         their agents, representatives, or attorneys with regard to the subject matter, basis, or effect
          of this Agreement or otherwise beyond the representations and statements expressly
9         contained herein. (Graber Decl., Ex H ¶ 6.)

10    Plaintiff was represented by the same counsel during the settlement proceedings and in this

11    action. Any alleged confusion as to the agreement's terms on Plaintiff's part is properly

12    attributable to his counsel.

13         In any event, as described in Defendants' earlier motion to dismiss, even if Plaintiff's

14    allegations satisfied Rule 9(b), he still cannot establish a triable issue of fact sufficient to warrant

15    denial of Defendants' summary judgment motion. To establish fraud under California law,

16    Plaintiff must show: "(1) a misrepresentation (false representation, concealment, or

17    nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce

18    reliance; (4) justifiable reliance; and (5) resulting damage." *Orlando v. Carolina Casualty Ins.*

19    *Co.*, 2007 WL 781598, at *7 (E.D. Cal. Mar. 13, 2007) (citing *Robinson Helicopter Co. v. Dana*

20    *Corp.*, 102 P.3d 268 (Cal. 2004)). "Where a party is represented by counsel and/or where the

21    alleged misrepresentation was made by an adversary during the course of negotiations, courts

22    have often held that reliance is unjustifiable." *Schiff v. City & County of San Francisco*, 2007

23    WL 2301773, at *11 (N.D. Cal. Aug. 8, 2007). Here, it is entirely unclear just what the purported

24    fraud is upon which Plaintiff claims to have relied. Such vague allegations necessarily fail to

25    satisfy the above elements of fraud.

26         The only apparent indication of the substance of any alleged misrepresentations or

27    omission is again that Defendants somehow misrepresented the "criteria and parameters for

28    plaintiff to submit a valid disability claim." (Am. Compl. ¶ 9.) As Defendants pointed out in

1    their earlier motion, however, the Administrative Record filed in *Borg I* included Plaintiff's claim

2    for benefits and all information submitted in support of his claim, as well as the plan

3    administrator's initial decision and any decisions on appeal, and all other information on which

4    the plan administrator relied in reaching its decision.  (Defs. Mot. at 10-12; Graber Decl. ¶ 4, and

5    Ex. A.)  Thus, Plaintiff had in his possession everything that Defendants had in their possession

6    that they considered in assessing his disability claims, and it was patently unreasonable for him to

7    have relied on any purported statements that Defendants' counsel and agents may have made

8    regarding claims procedures.

9         Moreover, as noted previously, Plaintiff was represented by counsel in *Borg I*.  In keeping

10   with *Schiff*, any reliance on the omissions or misrepresentations alleged to have occurred during

11   the litigation of *Borg I* was therefore unjustified.  As the California state courts have noted, where

12   a plaintiff is represented by counsel at the time of an allegedly fraudulent statement, it is not

13   "reasonable for plaintiff to accept defendant's statements without an independent inquiry or

14   investigation."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (1986).

15   This holding is particularly applicable here, as Plaintiff was not only represented by counsel in

16   *Borg I* but had the benefit of full discovery (and Defendants' briefing on their motion for

17   summary judgment) before he agreed to settle his claims.

18        Finally, Plaintiff's specious new allegation, that he was suffering from a "certain medical

19   condition and was under the influence of medicines prescribed by his doctors," fails for the same

20   reasons.  (Am. Compl. ¶ 9.)  California law presumes that Plaintiff was competent to execute the

21   December 20 Settlement Agreement.  *See* Cal. Civil Code § 1556; Cal. Prob. Code § 810(a);

22   1 Witkin, Summary of Cal. Law Contracts §§ 25, 51 (10th Ed. 2007.)  There is no evidence that

23   Plaintiff's "medical condition" precluded him from understanding the terms of the Settlement

24   Agreement.  On the contrary, Plaintiff's counsel repeatedly assured Defendants, in writing, that

25   Plaintiff understood and agreed to all the terms of the Settlement Agreement, as described above.

26   (*See* Graber Decl. ¶¶ 7-16, Exs. B-I.)

27        Plaintiff's inability to provide any more substance in support of his fraud allegations

28   reveals that this action is truly nothing more than a case of buyer's remorse.

## II.    COUNTS II AND III ARE PRE-EMPTED BY ERISA, AND MUST BE DISMISSED CONSISTENT WITH THE COURT'S FEBRUARY 29 ORDER

Plaintiff asserts, in Count II of his Amended Complaint, that Defendants breached his employment contract by denying his request for LTD benefits.  (Am. Compl. ¶¶ 13-20.)  In Count III, he asserts that Defendants denied insurance benefits in bad faith, based on the same denial of his request for LTD benefits.  (*Id.* ¶¶ 22-26.)  It is unclear why Plaintiff – who implicitly acknowledges at ¶ 7 of his Amended Complaint that his claim for LTD benefits is governed not by state contract law but by ERISA – has asserted state law causes of action to attempt to recover LTD benefits from defendants.  Whatever the reason behind Plaintiff's pleading, however, Counts II and III of his Amended Complaint must be dismissed because:  (1) ERISA preempts these causes action, and (2) as this Court found in its February 29, 2008 Order, any claims for LTD benefits arising before the December 20, 2006, Settlement Agreement were subject to that Settlement Agreement and were released thereunder.

### A.    ERISA Preempts Plaintiff's State Law Claims Seeking Recovery of LTD Benefits

It is undisputed that the LTD benefits that Plaintiff claims he is entitled to arise from an employee benefit plan offered in connection with Plaintiff's employment with defendant Target. (Am. Compl. ¶ 18.)  The federal courts have long held that "ERISA regulates employee benefit plans in order to promote the interests of employees and their beneficiaries."  *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th Cir. 1998).  To maintain uniformity in regulating such employee benefit plans, ERISA provides that state law causes of action that "relate[] to" an employee benefit plan are preempted.  *Id.*; *see also* 29 U.S.C. § 1144(a).  "A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  *Bast*, 150 F.3d at 1007 (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990)).  Relevant here, the "Supreme Court has held that ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan."  *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987)).  In addition, the Ninth Circuit has held that "insurance bad faith claims are preempted by

1    ERISA." *Id.* at 1008; *see also Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1133 (9th

2    Cir. 1992).

3          Here, Plaintiff acknowledges that his claim for LTD benefits arises from a benefit plan

4    offered to him in connection with his employment with Target.  (Am. Compl. ¶ 18; *see also*

5    Graber Decl. Ex. A (docket sheet for *Borg I*, reflecting filing of administrative record, including

6    copy of Summary Plan Description for Target's LTD Plan).)  And, he even asserts in his

7    Amended Complaint that defendants' denial of his claim for LTD benefits "violated the ERISA."

8    (Am. Compl. ¶ 8.)  Despite this, in setting forth his causes of action in his Amended Complaint,

9    Plaintiff pleaded that Defendants' denial of his claim for LTD benefits constituted a breach of

10   contract and bad faith denial of insurance benefits.  Under Supreme Court and Ninth Circuit

11   precedent, both claims are preempted by ERISA.  As such, these claims must be dismissed.  *See*

12   *Bast*, 150 F.3d at 1007.

13        **B.      Plaintiff's Claims for LTD Benefits Were Subject to the December 20, 2006,**
               **Settlement Agreement and Were Released Thereunder**
14

15         Even if Plaintiff had properly pleaded a cause of action based on the denial of his LTD

16   claim, that cause of action still must be dismissed, because that cause of action was released

17   under the December 20, 2006, Settlement Agreement.

18         As this Court found in its February 29, 2008, Order, the injuries that Plaintiff asserts

19   entitle him to LTD benefits allegedly occurred in September 2006.  (Order at 4.)  As this Court

20   further observed, the Settlement Agreement reached in *Borg I* was signed on December 20, 2006.

21   (*Id.*)  And, as this Court found, the release language in the Settlement Agreement was

22   comprehensive, and "clearly and specifically releases all of Plaintiff's claims against Defendants

23   that existed as of the date of the Settlement Agreement."  (*Id.*)  Further, as this Court noted,

24   Plaintiff accepted the check tendered in settlement in *Borg I*, resulting in "an accord and

25   satisfaction of Plaintiff's claims."  (*Id.* at 4-5.)

26         The Court's February 29 Order thus disposes of Plaintiff's claim for LTD benefits as set

27   forth in the Amended Complaint.  Plaintiff asserts no additional facts in his Amended Complaint

28   that undermine the soundness of the Court's February 29 Order.  Certainly, Plaintiff made some

1  effort to plead additional facts in support of his fraud claim (by which Plaintiff seeks to convince

2  the Court to set aside the December 20, 2006 Settlement Agreement).  But, as discussed above,

3  the fraud allegations set forth in the Amended Complaint no more state a cause of action than did

4  the fraud allegations set forth in Plaintiff's original Complaint.  As a result, the December 20,

5  2006 Settlement Agreement remains a valid and binding contract by which all claims for benefits

6  arising before that agreement was executed were released.  Accordingly, Counts II and III of

7  Plaintiff's Amended Complaint should be dismissed.

8       In fact, given the unambiguous and broad release contained in the Settlement Agreement,

9  should the Court find Plaintiff's fraud claim to be baseless (which the Court should conclude as a

10  matter of law, as discussed above), then the bringing of this action "constitutes a patently and

11  offensively frivolous, legally unreasonable act in violation of Rule 11." *Ashley v. Corona*, 1993

12  WL 181377, at *4 (N.D. Cal. May 25, 1993).

13                              **CONCLUSION**

14       For the foregoing reasons, Defendants Principal Life and Target respectfully request that

15  the Court grant Defendants' Motion, and that Plaintiff's reasserted claims for benefits and his

16  claim of fraudulent inducement be dismissed with prejudice.

17

18  Dated:  April 11, 2008                    ANGELA L. PADILLA
                                              EVA K. SCHUELLER
19                                            MORRISON & FOERSTER LLP

20

21                                    By:    /s/  Angela L. Padilla
                                              Angela L. Padilla
22
                                             Attorneys for Defendants
23                                           TARGET CORPORATION and
                                             PRINCIPAL LIFE INSURANCE CO.
24

25

26

27

28