1  GREGORY P. DRESSER (CA SBN 136532)
   EVA K. SCHUELLER (CA SBN 237886)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522
   Email: GDresser@mofo.com
5
   Attorneys for Defendants
6  PRINCIPAL LIFE INSURANCE CO. AND
   TARGET CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

| | |
|---|---|
| 12  DON BORG, | Case No.    C-07-03149-JW |
| 13               Plaintiff, | |
| 14      v. | **NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11; OR, IN THE ALTERNATIVE, UNDER 28 U.S.C. § 1927, OR THE COURT'S INHERENT AUTHORITY** |
| 15  PRINCIPAL LIFE INSURANCE CO., TARGET CORPORATION, and DOES 1 | |
| 16  through 20, inclusive, | |
| 17               Defendants. | Date:       October 6, 2008 |
| 18 | Time:       9:00 a.m. Location:   Courtroom 8 |
| 19 | |

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION......................................................................1

INTRODUCTION ....................................................................................................2

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................3

ARGUMENT ...........................................................................................................4

I.     PLAINTIFF AND HIS ATTORNEY VIOLATED RULE 11 BY FILING A
       LEGALLY FRIVOLOUS AMENDED COMPLAINT....................................4

II.    PLAINTIFF AND HIS ATTORNEY ALSO VIOLATED RULE 11 BY
       KNOWINGLY MAKING FALSE FACTUAL ASSERTIONS IN THE
       AMENDED COMPLAINT...........................................................................7

CONCLUSION .......................................................................................................8

1

## TABLE OF AUTHORITIES

2

3

### CASES

4

*Ashley v. Corona*,
    1993 WL 181377 (N.D. Cal. 1993) ............................................................................. 6, 7

5

*Bly-Magee v. California*,
    236 F.3d 1014 (9th Cir. 2001) .................................................................................... 4

6

7

*Buster v. Greisen*,
    104 F.3d 1186 (9th Cir. 1997) .................................................................................... 4

8

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) ............................................................................ 2, 4, 8

9

10

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ...................................................................................... 4

11

*Parker v. Kitzhaber*,
    2000 WL 776646 (D. Or. 1999) ................................................................................. 7

12

13

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ...................................................................................... 4

14

*Truesdell v. S. Cal. Permanente Med. Group*,
    293 F.3d 1146 (9th Cir. 2002) .................................................................................... 7

15

16

### STATUTES

17

Fed. R. Civ. P. 11 ..........................................................................................................*passim*

18

Fed. R. Civ. P. 9(b) ................................................................................................ 2, 3, 4, 5, 6, 7

19

28 U.S.C. § 1927 ................................................................................................................. 1

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

3

PLEASE TAKE NOTICE THAT on October 6, 2008 at 9:00 a.m., or as soon thereafter as

4

the matter may be heard, in Courtroom 8 of the United States District Court for the Northern

5

District of California located at 280 South 1st Street, San Jose, CA 95113, the Honorable James

6

Ware presiding, Defendants Target Corporation ("Target") and Principal Life Insurance Company

7

("Principal Life"), will and hereby do move the Court pursuant to Rule 11 of the Federal Rules of

8

Civil Procedure for an award of sanctions and attorney fees and costs in the amount of $5,000.00

9

against Plaintiff Donald Borg and his counsel of record, Stanley Hilton, in this action for

10

(1) asserting factually baseless and legally barred claims in Plaintiff's First Amended Complaint;

11

and (2) signing and filing the First Amended Complaint without conducting a reasonable and

12

competent inquiry into the allegations supporting Plaintiff's claims.  Defendants also request that

13

Plaintiff's First Amended Complaint be dismissed with prejudice.  This Motion is and will be

14

based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the

15

pleadings and papers on file herein, and such other matters as may be presented to the Court at the

16

time of the hearing.  Counsel have met and conferred and agreed to schedule this hearing on

17

October 6, 2008, pursuant to this Court's standing order.

18

19

Dated:  May 30, 2008                    GREGORY P. DRESSER
                                        EVA K. SCHUELLER
20                                      MORRISON & FOERSTER LLP

21

22                                      By:   /s/  Greg P. Dresser [e-filing signature]
                                              Gregory P. Dresser
23
                                        Attorneys for Defendants
24                                      TARGET CORPORATION AND
                                        PRINCIPAL LIFE INSURANCE CO.
25

26

27

28

1

**INTRODUCTION**

2

On February 29, 2008, this Court granted Defendants' Motion to Dismiss, but allowed

3

leave to amend solely to permit Plaintiff to meet the particularity requirement for alleging fraud

4

under Federal Rule of Civil Procedure 9(b).  (Order Granting Defs. Motion to Dismiss, Feb. 28,

5

2008, Docket Entry 31 ("Order").)  On March 28, 2008, Plaintiff filed his First Amended

6

Complaint ("Am. Compl.").  (Docket Entry 35.)

7

Despite the Court's warnings to Plaintiff during the December 3, 2007 Motion to Dismiss

8

hearing, Plaintiff's amended complaint still fails to come close to alleging fraud with sufficient

9

particularity.  Indeed, aside from attempting to provide Defendants' counsel's name and address,

10

and repeatedly invoking the Settlement Agreement's signature date, Plaintiff provides no further

11

information whatsoever regarding Defendants' alleged fraud.  Instead, Plaintiff again attempts to

12

reassert claims that were fully settled over a year ago.  Moreover, the amended complaint is

13

replete with factual errors which Plaintiff is well aware of at this point in the litigation.

14

Plaintiff's vexatious conduct has gone on long enough.  Defendants respectfully request

15

that this Court award sanctions and attorney's fees and costs, in hopes of deterring such costly

16

and meritless behavior in the future.  Defendants also request that the Court dismiss Plaintiff's

17

complaint with prejudice.  Rule 11 allows courts the discretion to fashion non-monetary

18

sanctions. Fed. R. Civ. P. 11(c)(2).  The power to dismiss an action or strike a pleading because

19

of a Rule 11 violation is within the Court's power, and is appropriate in this case for the reasons

20

discussed below, and further described in Defendants' Motion to Dismiss or for Summary

21

Judgment filed April 11, 2008.  *See also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.

22

2002) ("One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or

23

motions and to deter costly meritless maneuvers, . . . [thereby] avoid[ing] delay and unnecessary

24

expense in litigation.'") (internal citation omitted).

25

///

26

///

27

///

28

///

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[1]

In 2005, Plaintiff filed an action in this Court against Defendants, seeking long-term disability ("LTD") benefits under Defendant Target's employee welfare benefit plan. After discovery, and after Defendants filed a motion for summary judgment, Plaintiff agreed to settle that action. On December 19, 2006, Plaintiff and his counsel signed a settlement agreement, and in exchange, Defendants paid Plaintiff an agreed-upon sum.

On June 14, 2007, Plaintiff nevertheless reasserted his claim for LTD benefits against Defendants. Specifically, Plaintiff alleged that Defendants violated ERISA by denying his claim for LTD benefits. In addition, recognizing that he had already settled his claims for LTD benefits, Plaintiff asserted a second cause of action, vaguely alleging that he was fraudulently induced to sign the settlement agreement. Defendants filed a Motion to Dismiss, or in the alternative for Summary Judgment of, Plaintiff's reasserted claims on August 16, 2007.

On February 29, 2008, this Court granted Defendants' Motion, stating that "the plain language of the Settlement Agreement clearly and specifically releases all of Plaintiff's claims against Defendants that existed as of the date of the Settlement Agreement." (Order at 4.) The Court also noted that Plaintiff had accepted payment under the settlement agreement and that therefore, "the settlement agreement performed by Defendants constitutes an accord and satisfaction of Plaintiff's claims." (Order at 5.)

As to Plaintiff's unfounded fraud allegation, the Court held that Plaintiff had failed to meet the particularity requirement of Rule 9(b). Specifically, the Court held that Plaintiff did not "provide the specific content of the false representations as well as the identities of the parties to the misrepresentations" allegedly made by Defendants. (Order at 6.) Nevertheless, in part because Plaintiff asserted he could cure the defect in pleading, the Court allowed Plaintiff leave to amend. Plaintiff filed his amended complaint on March 28, 2008.

///

///

---

[1] This litigation's history is set forth more fully in Defendants' Motion to Dismiss or for Summary Judgment, filed April 11, 2008.

**ARGUMENT**

"Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it. *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997); *see also* Fed. R. Civ. P. 11(b)(2), (3); *Christian*, 286 F.3d at 1127. Here, Plaintiff fails both prongs of the inquiry.

**I.    PLAINTIFF AND HIS ATTORNEY VIOLATED RULE 11 BY FILING A LEGALLY FRIVOLOUS AMENDED COMPLAINT**

This Court granted Plaintiff leave to amend his complaint solely to "amend his claim for fraud" to meet the pleading requirements of Rule 9(b). (*See* Order at 6–7.) Rule 9(b) requires that allegations of fraud "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citation omitted). This means that allegations of fraud should include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must identify "the 'who, what, when, where, and how'" of the fraud) (internal citation omitted). Plaintiff's amended complaint comes no closer to meeting this requirement than his original complaint.

Plaintiff's allegations of fraud now consist of the following statements:

- "The plaintiff signed the SA on 12-20-06 due to a material mistake in the circumstances and was fraudulently induced by Jeff [sic] Graber, counsel for defendants Target and Principal Life, who made material misrepresentations at 450 Golden Gate Ave., San Francisco and also at the Morrison Forester offices at 425 Market Street in San Francisco on or about December 20, 2006, and also continuously from on our about Sep. 1 2006 through Dec. 20, 2006." (Am. Compl. ¶ 9.)

- "In addition, several Principal Life officials and Target officials in the benefits claims departments made material misrepresentations to plaintiff in that many

of these people told the plaintiff, *inter alia*, that the settlement agreement (SA) he was signing on Dec 20 2006 would only cover [sic]" (*Id.*)

- "The material mistake/misrepresentation ('MMP') concerned the circumstances and rules of Principal Life and Target, pursuant to which plaintiff would be entitled to assert additional disability claims for disabilities that occurred or became exacerbated after his original claim and after that claims was filed. Specifically, plaintiff believed, and relied on this material mistake/misrepresentation ('MMP') that he was settling the ERISA claim Against Target and Principal Life ("T-PL") only as to that particular claim (the first disability claim) which had been originally considered by T-PL as part of his original claim, and which was in the 'appeal file' for which he had 180 days to appeal. Thus this MMP led plaintiff to believe, at the time he signed the SA on 12-20-06, that he still had open his subsequent disability claims and that he could file ERISA lawsuits based upon these additional and subsequent claims because and while he was still employed by Target and covered by Principal Life for LTD when the subsequent injuries/disabilities occurred." (*Id.*)

- "Defendants Target and Principal Life made material misrepresentations both verbally and in writing, on or about Dec. 20, 2008, by the persons and at the addresses above indicated, regarding the criteria and parameters for plaintiff to submit a valid disability claim." (*Id.*)

These allegations fail to meet the requirements of Rule 9(b). There is no indication as to what exactly was said (or concealed) or why any such statements or omissions constituted fraud. The only indication of the content of the allegedly fraudulent statements is that they somehow involved Defendants' "circumstances and rules" or "criteria and parameters." (Am. Compl. ¶ 9.) As for the "who, where and when" requirements under Rule 9(b), Plaintiff's allegations amount to: an attempt to identify Defendants' counsel by name and address, repeated invocations of the settlement agreement's signature date, and an oblique reference to "several" unidentified "Principal Life officials and Target officials." *Id.* In short, Plaintiff's pleading still comes nowhere close to satisfying Rule 9(b). Indeed, Plaintiff's amended complaint appears to have even *less* specificity than his original complaint.

Of course, as explained more fully in Defendants' April 11, 2008 Motion and evidenced by numerous emails which were submitted to this Court with Defendants' August 16, 2007 Motion to Dismiss, Plaintiff and his counsel were well aware—before they even signed the settlement agreement – that Plaintiff would be releasing his September 2006 disability claims by accepting the settlement agreement. (*See* Def. April 11 Motion, Dkt. 38, 4:9-5:14; Declaration of Geoffrey Graber in support of Defendants' Motion to Dismiss, Dkt. 10, filed August 16, 2007

1  ("Graber Decl."), ¶¶ 7-16, Exs. B-I.)  Because Plaintiff was represented by the same counsel

2  during the settlement proceedings as in this action, any alleged confusion on Plaintiff's part is

3  properly attributable to his counsel.

4        Not only does Plaintiff's amended complaint fail to meet Rule 9(b)'s requirements, it also

5  asserts two new claims which are just barely recast versions of the claims this Court has already

6  held were settled and released.  In its Order granting Defendants' August 16, 2007 Motion to

7  Dismiss, this Court held that the settlement agreement between Plaintiff and Defendants was

8  comprehensive and "that the plain language of the Settlement Agreement clearly and specifically

9  releases all of Plaintiff's claims against Defendants that existed as of the date of the Settlement

10  Agreement."  (Order at 4.)  As explained more fully in Defendants' April 11 Motion, Plaintiff has

11  nevertheless asserted "breach of contract" and "bad faith insurance denial of benefits" claims

12  which are essentially the same claims he first asserted in 2005, that were settled in

13  December 2006, and that were again dismissed by this Court in February 2007.

14        Plaintiff's meritless reassertion of these claims, when coupled with his failure to come

15  close to adequately pleading that the settlement agreement was fraudulently induced, constitutes

16  sanctionable conduct.  The following passage from the Northern District's opinion in *Ashley v.*

17  *Corona*, 1993 WL 181377, at *4 (N.D. Cal. 1993) is instructive:

18      As discussed above, plaintiff has already brought and settled a lawsuit based
    upon the same underlying dispute as that which underlies this action. The

19      settlement agreement, signed by plaintiff and the attorney who represented
    her in both that proceeding and this action, released from liability 'any and

20      all parties.' This court finds that in light of that unambiguous release, the
    filing of this suit constitutes a patently and offensively frivolous, legally

21      unreasonable act in violation of Rule 11. Accordingly, this court hereby
    imposes sanctions on plaintiff and her attorney, Kate Dixon, in the amount of

22      $2,000.00 each, payable within thirty days of the date of this Order. Plaintiff
    and her attorney shall each pay $ 1000.00 to the Emeryville PTA and $

23      1000.00 to the Emery Unified School District.

24  The District of Oregon has similarly found sanctions appropriate under like circumstances:

25      Parker has demonstrated his intent to continue relitigating claims previously
    dismissed through court action or signed settlement agreements. Parker's

26      pattern of relitigation, coupled with his routine complaints of judicial bias,
    attempts to recuse those judges hearing his cases, and repeated appeals,

27      warrants an injunction in anticipation of future attempts to relitigate. . . .
    Defendants' motion for sanctions in the form of an injunction against

28

1   relitigation should be granted and defendants' attached proposed order for a
2   pre-filing review should be adopted.

3   *Parker v. Kitzhaber*, 2000 WL 776646, at *6 (D. Or. 1999).  As in *Ashley* and *Parker*, Plaintiff's

4   conduct here demonstrates a pattern of frivolous and vexatious litigation meriting sanctions.

5       Moreover, Plaintiff's counsel, who has represented Plaintiff throughout this litigation, has

6   been admonished by this Court to "give it sober reflection before [deciding] to re-file this

7   case . . . ."  (Dec. 3, 2007 Hearing Transcript at 7:14-20, attached hereto as Ex. A.)  Indeed, this

8   Court has thoroughly explained the consequences of re-filing this action based on previously

9   released claims without meeting the requirements of Rule 9(b) to Plaintiff's counsel:

10          I seldom refer to Rule 11 in any circumstances, but I do want to issue a caution.  And that
            is: it is not permissible, unless there is a sure faith basis for filing a claim that has been
11          released to seek the relief in a subsequent lawsuit.  And it does have implications, not only
            for the plaintiff, but for the plaintiff's lawyer.  In other words, the Court would consider
12          seriously, a motion to impose sanctions against a counsel who reviewed the documents
            that are the basis of the release and later on makes a claim, because only lawyers sign the
13          pleadings in our court, that somehow that there was fraud involved in the transaction,
            unless there is a strong good faith basis for it.
14

15   (Ex. A at 5:10-24.)  Plaintiff counsel's failure to heed this Court's instructions and the law merits

16   sanctions.

17       **II.    PLAINTIFF AND HIS ATTORNEY ALSO VIOLATED RULE 11 BY
                  KNOWINGLY MAKING FALSE FACTUAL ASSERTIONS IN THE
18                AMENDED COMPLAINT.**

19       Just as making allegations without an evidentiary basis is sanctionable under Rule 11, so

20   too is making false allegations in a complaint.  *See Truesdell v. S. Cal. Permanente Med. Group*,

21   293 F.3d 1146, 1153 (9th Cir. 2002) (affirming Rule 11 sanctions for alleging facts that plaintiffs'

22   counsel "must have known were false").  Plaintiff's amended complaint asserts that he had an

23   insurance disability contract with defendant Principal Life.  (Am. Compl. ¶ 6.)  As Plaintiff is

24   well aware, Principal Life was the third-party administrator of Target's employee welfare benefit

25   plan.  To the extent that Plaintiff is suggesting otherwise, he is misleading the Court.

26       Plaintiff's amended complaint also repeatedly asserts wrong dates and is replete with

27   glaring typos.  As the Ninth Circuit has stated, "[f]iling a complaint in federal court is no trifling

28   undertaking. An attorney's signature on a complaint is tantamount to a warranty that the

1   complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the

2   existing law) and that it is not filed for an improper purpose." *Christian*, 286 F.3d at 1127.

3   Plaintiff's error-filled amended complaint is not well-grounded in law or in fact, and evinces a

4   blatant disregard for this Court's, and Defendants', time and resources. This Court should award

5   sanctions in a manner suited to deter similar conduct in the future.

6   **CONCLUSION**

7   For the foregoing reasons, Defendants respectfully request that the Court award sanctions,

8   attorneys' fees and costs against Plaintiff and Plaintiff's counsel Stanley Hilton, and dismiss this

9   action with prejudice.

10

11   Dated: May 30, 2008                    GREG P. DRESSER
                                            EVA K. SCHUELLER
12                                          MORRISON & FOERSTER LLP

13
                                            By: /s/ Greg P. Dresser [e-filing signature]
14                                                Gregory P. Dresser

15                                          Attorneys for Defendants
                                            TARGET CORPORATION AND
16                                          PRINCIPAL LIFE INSURANCE CO.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR SANCTIONS              8
CASE NO. CV 07-03149 JW