IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Don Borg, | NO. C 07-03149 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE HEARING AND EXTEND TIME FOR FILING OPPOSITION** |
| v. | |
| Principal Life Insurance Co., et al., | |
| Defendants. | |

Don Borg ("Plaintiff") brings this action against Principal Insurance Co. and Target Corporation (collectively, "Defendants") for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendants have filed a motion to dismiss. (See Docket Item No. 38.) A hearing on Defendants' motion is currently scheduled for June 9, 2008.

Presently before the Court is Plaintiff's motion to continue the hearing and to extend the time for him to file an opposition to Defendants' motion to dismiss. (hereafter, "Motion," Docket Item No. 41.) Plaintiff states three reasons for requesting a continuance: (1) unavailability of Plaintiff's counsel, Mr. Hilton, due to proceedings in another matter, (2) Mr. Hilton's mistake with regard to the due date for filing an opposition, and (3) a desire to consolidate the present hearing with the hearing on Defendants' motion for sanctions, currently scheduled for October 6, 2008.

The Court does not find these reasons sufficient to justify a continuance. First, Mr. Hilton should have notified the Court in a timely manner that he had a scheduling conflict with the hearing

date. It was on April 11, 2008 that the hearing on Defendants' motion was scheduled for June 9, 2008. (See Docket Item No. 38, 39.) Mr. Hilton did not notify the Court of his conflict until he filed the present motion on May 30, 2008. Mr. Hilton does not offer any reason for his tardiness. Second, Mr. Hilton is expected to conduct reasonable diligence in observing the time limits imposed by the Civil Local Rules for filing an opposition. Pursuant to the Civil Local Rules, Plaintiff's opposition was due on May 19, 2008. Mr. Hilton contends that he did not realize until May 29, 2008 that an opposition was due. (Motion at 3.) The only reason offered for Mr. Hilton's oversight is an "accidental erasure of the due date." The Court is not clear as to the meaning of Mr. Hilton's explanation, but interprets it to indicate a mistake on Mr. Hilton's part in managing his schedule. Finally, continuing the hearing on Defendants' motion to dismiss to coincide with the hearing on Defendants' motion for sanctions would be prejudicial to Defendants. The hearing on Defendants' motion for sanctions is scheduled for October 6, 2008. Delaying resolution of their duly noticed motion to dismiss for four months for no reason other than Mr. Hilton's error would not be fair.

Mr. Hilton further claims that he recently suffered a broken ankle which interferes with his ability to work. (Motion at 3.) The Court does not find Mr. Hilton's injury to be a sufficient cause to continue the hearing because the injury does not explain or excuse Mr. Hilton's errors. Mr. Hilton's broken ankle did not create the scheduling conflict between the hearing before this Court and Mr. Hilton's other proceeding.[1] Nor has Mr. Hilton stated when his injury occurred. If it occurred prior to the due date of Plaintiff's opposition, than Mr. Hilton is tardy in notifying the Court of a need for extension. If it occurred after the due date, then it does not explain Mr. Hilton's failure to timely file an opposition.

Accordingly, the Court DENIES Plaintiff's motion.

Dated: June 4, 2008

JAMES WARE
United States District Judge

---

[1] In fact, a broken ankle should preclude Mr. Hilton from attending either hearing equally.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Angela Lucia Padilla, apadilla@mofo.com
Stanley G. Hilton FROG727@AOL.COM

**Dated: June 4, 2008**                                **Richard W. Wieking, Clerk**

                                                        **By:   /s/ JW Chambers
                                                             Elizabeth Garcia
                                                             Courtroom Deputy**